Under the Act of 1844 though the deceased spouse leave no descendant, yet if he leave only one ascendant, the surviving spouse will not be entitled to a usufructuary interest in the community.

APPEAL from the Second District Court of New Orleans, *Lea*, J. T. W. *Collins*, for the widow and appellant. P. E. *Bonford* and T. *Gilmore*, for the heirs.

The reference of the Chief Justice to the opinion of Judge Lea, for a further illustration of the subject before the Court, renders it proper to give that judgment an insertion in this place. It is as follows:

The issues between the parties in these proceedings are presented somewhat irregularly. The alleged heirs have not yet been recognized, and the only evidence in support of their claims consists in the admissions of the widow, which are binding only upon herself. The only matter submitted in the pleadings, upon which the Court can adjudicate, is upon the application of the widow to be recognized as the usufructuary of the half of the community property belonging to her deceased husband, and as such to bep ut in possession of the same, on her complying with the requisites of the law. This application is based upon the provisions of the 1st section of the Act of 1844, p 99, entitled an Act relative to community property.

It is admitted that the deceased died intestate without descendants, but leaving a mother and brothers and sisters living. The section of the law above referred to provides that when either husband or wife shall die leaving no ascendants or descendants, and without having disposed, by last will and testament, of his or her share in the community property, such share shall be held by the survivor in usufruct during his or her natural life. This section is free from obscurity in its literal meaning. Where the language of the law is obsure, the supposed or acknowledged meaning of the Legislature is referred to in order to explain its ambiguity; but where no ambiguity exists, it must be an extreme case which would justify the court in overlooking the literal provisions of the law, for the purpose of meeting the supposed intentions of the lawgiver.

It is urged that it was the object of the law in question always to exclude collaterals at least from the usufruct of that portion of the community property which they would otherwise have inherited. Whenever there exists a surviving husband or wife as partner in community, such may have been the object of the law; and if so, it is to be regretted that it was not so expressed. It is not, however, the province of the courts to supply the defects of legislation. The presumption of law is that what is intended is expressed. In a case, such as the one at bar, it may not have been the intention of the Legislature to interfere with the rights of collaterals when there was an ascendant living; for if there were no collaterals, the surviving partner in community would nevertheless be excluded by the surviving ascendant, and if it was intended that the interests of the descendants should in any court be preferred to those of surviving partners in community, and to their exclusion, it would seem that the operation of the law in favor of collaterals could work injury only to the ascendants, who, under any circumstances, would exclude the surviving partner.

Be this as it may, I am not prepared to adopt a construction which would extend by implication the operation of a law which creates a change, or at least a modification, of the general law of inheritance as it formerly existed.

It is ordered that the application of Mrs. *Hanora Lee*, widow of *James E. Lee*, to be recognized as usufructuary of the half of the community property belonging to the deceased husband, and to be put in possession of the same, be rejected at her costs.

SLIDELL, C. J. Before the Statute of 1844, the share of the deceased partner in community passed to his or her lawful heirs. The right of usufruct in favor of the surviving partner as to that share is derived solely from the Statute. Being derived solely from that Statute, it can only be claimed in the

cases designated in that Statute. The case where the deceased husband or    <span style="float:right">Succession of<br>Lee.</span>
wife leaves an ascendant is not such a case.

We do not consider the fact that the words "ascendants" (being the plural)
as used, affects the question. We think the existence of one ascendant has the
same effect as to the surviving widow's pretensions to the usufruct, as if both
the father and mother of *Lee* had survived him.

It is said the 2d section gives the usufruct to the surviving husband or wife
in preferance even to the children of the deceased ; and hence, by an argument
*a fortiori*, is deduced an intention to prefer the surviving husband or wife to
collateral relations. But the motive of the Legislature in giving the usufruct,
where there were children of the marriage, may well have been to keep the
family estate together, and provide a common home during the lifetime of the
surviving father or mother, who would naturally use the estate with an eye to
the welfare of the children, at all events until a second marriage; upon which
event the lawgiver, with a jealous foresight for the children's welfare, arrests
the usufruct.

I am not able to say the District Judge, to whose opinion I refer for further
elucidation of the subject, came to an erroneous conclusion, and am of opinion
that the judgment should be affirmed.

Judgment affirmed with costs.

Ogden, J., (dissenting.) The 1st section of the Act of the Legislature of 1844,
entitled " an Act relative to community property," provides as follows:
." That in all cases hereafter, when either husband or wife shall die, leaving
no ascendants or descendants, and without having disposed, by last will and
testament, of his or _her share in the community property, such share shall
be held by the survivor in usufruct, during his or her natural life. The deceased
left as his only heirs his mother and a brother of the whole blood. The ques-
tion is whether the above section is to be interpreted, that the brother's share
in the one-half of the community property belonging to the estate of the de-
ceased is to be held unaffected by the widow's usufructuary right, in conse-
quence of the mother surviving her son and being entitled to receive her por-
tion of the inheritances free from such usufructuary right.

Our brother Judge of the court below, regarding the literal meaning of this
law as expressed, to be that the usufructuary right of the surviving spouse
should only take effect when the deceased left neither ascendants nor descend-
ants, was of opinion that the existence of one or more ascendants, although
called to the succession only for a portion of the inheritance and concurrently
with collaterals, defeated the surviving spouse's usufructuary right, even as to
the portion inherited by the collaterals. He thinks the language free from any
obscurity, and that it is not permitted, therefore, to consider the spirit and rea-
son of the law. The words of the law, however, must be taken in connection
with the context, and the subject matter, and so taken, we think, the evident
meaning and intention of the law was to exclude collaterals from the enjoyment
of any portion of the community property during the lifetime of the surviving
spouse. The right of usufruct in favor of the surviving spouse can only be de-
feated by the paramount right of an heir in the ascending or descending line,
and by the second section of the Act, if such heirs in the descending line be the
children of the deceased, the surviving father or mother enjoys the usufructuary
right. The whole Act is loosely worded, but we think it clearly results, from
considering the words in the only sense they properly admit of, in connection

with the context, and with laws *in pari materia*, fixing the rights of ascendants as heirs, that the mother in the present case, being only entitled, as heir, to take a part of the succession, the residue of which devolves on the brother as collateral heir of the deceased, the usufructuary right of the surviving wife is only defeated *pro tanto*, and that the collateral heir cannot be benefited by the existance of an ascendant who, as heir, is only entitled to a portion of the inheritance.

As regards the residue of the estate falling to the brother, it is the same as if the deceased had left no ascendant, because the ascendant does not inherit that portion, and the law, in excepting ascendants and descendants from its operation could only have designed to protect their rights as heirs. The right of usufruct or survivorship can only be defeated by the paramount right of the heir in the ascending or descending line, and to the extent of such right. If the heir in the ascending or descending line, entitled to the whole succession, should renounce it entirely, the inheritance would devolve on the collaterals, but the surviving spouse could not be deprived of the usufruct, because the succession could no longer be claimed by an ascendant or descendant as heir.

I think the words used in the Statute do not necessarily convey a meaning different from what it would seem the Legislature must have intended, when the whole context and subject matter of the law is considered in connection with these ends.