La Selle & Brother *v.* N. B. Whitfield — Wood & Oliver *v.* The Same—Rule on J. M. Bell, Sheriff.

When the Sheriff, before the return day of the writ, had notified the plaintiffs of his release of the seizure of a slave on account of an adverse title set up by another, and had called upon both parties to point out property subject to seizure, which they failed and refused to do. *Held:* That the subsequent neglect of the Sheriff to return the writ on the return day, did not subject him to the statutable remedy by rule, which is not applicable to such a case. The plaintiff should have resorted to an ordinary action for damages.

The Legislature in 1855 having re-enacted the 17th Section of the Act of 7th April, 1826, without change, thereby ratified the judicial construction the Act had received.

APPEAL from the Third District Court of New Orleans, *Kennedy* J.

*Bradford & Finney* and *Charles A. Taylor*, for Sheriff *Bell*, appellant. *Perin & Smiley*, for appellees.

SPOFFORD, J. We think the plaintiffs in the present case mistook their remedy.

The cause of action really is the improper release by the Sheriff of a seizure made by him under the plaintiffs' writs.

The neglect to return the writs on the return day did not operate any damage to the plaintiffs, for the Sheriff, long before the return day, promptly notified the plaintiffs of his release of the seizure on account of an adverse title set up to the slave seized, and called upon both parties to point out property subject to seizure, which they failed and refused to do.

In the case of *Lay* v. *Boyce*, 3 An., 622, it was said that the statute under which (as reënacted in sec. 2 of the Act of March 15th, 1855, p. 478) this rule was taken "presupposes that the acts or omissions for which the officer is held liable, have been prejudicial to the plaintiff in execution. It is not to be presumed that the latter was prejudiced by the failure of the Sheriff to advise him *in the particular form of a return*, of a fact which that officer had previously communicated in another form, in which he is equally required by law to convey it."

In that case the Sheriff was released because he had verbally, but seasonably notified the plaintiff of all that the return could have apprised him of, although the return was not actually made until long after the return day.

Here it is conclusively shown that the plaintiffs were notified in time by the Sheriff of all that he did, and that they have not suffered at all from his alleged *laches* in not returning the writs on or before the return day, which neglect is the only basis of the rule, but that the error of the Sheriff in releasing the seizure of a slave is the sole ground of the damage suffered.

We are of opinion that the plaintiffs should have resorted to an ordinary action in damages, and not to the statutable remedy by rule, which was not intended for a case of this description.

We concur with the District Judge in the opinion that the General Assembly of 1855, in reënacting the 17th section of the Act of 7th April, 1826, without change, ratified the judicial construction which it had received.

And we are furthermore of the opinion that the Act of March 15th, 1855, (p. 253,) in requiring officers who have made seizures under writs of *fi. fa.* to return such writs on the return day thereof, even though the property is still

unsold, does not take away the basis for that current of decisions by which the Sheriff, when proceeded against in the summary mode invoked in this case, has been allowed to excuse himself on showing conclusively that the delay in the return has worked no injury to the complainant.

It is ordered, therefore, that the judgment of the District Court be reversed and the rule taken in this case discharged, reserving to the plaintiffs their right to proceed against the Sheriff and his sureties in an ordinary action; it is further ordered, that the costs in both courts be paid by the plaintiffs and appellees.