### No. 12,363.

WHITED & WHEELESS, LIMITED, VS. W. H. BLEDSOE, ASSESSOR, ET AL.

The readiness for immediate use of an article of wood which is manufactured has been uniformly held the test of constitutional exemption from taxation.

APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

---

*Joannes Smith* and *Leonard & Randolph* for Plaintiffs, Appellants.

---

*M. J. Cunningham*, Attorney General, and *A. J. Murff*, District Attorney, for Defendants, Appellees.

---

Argued and submitted January 20, 1897.
Opinion handed down February 1, 1897.

---

The opinion of the court was delivered by

WATKINS, J. The plaintiff is a limited corporation engaged in the operation of a planing mill, and claims that the plant and property

are exempt from taxation under the provisions of the two hundred and seventh article of the Constitution and the amendment thereof, on the ground that it is engaged in the manufacture of "articles of wood," and from a judgment rejecting its demand the corporation has appealed.

The averment of the plaintiff's petition is, that said planing mill and machinery was assessed at three thousand dollars for the year 1896, and that the assessment is illegal and void, because of the aforesaid exemption. That said planing mill has been and is now engaged in the manufacture and "production of dressed lumber, planed, tongued and grooved, planed weather-boarding dressed and ready for general use, and mouldings (of different kinds). That same are manufactured by said machine out of lumber and are complete in themselves, ready for immediate and general use without further manipulation or work on them."

The assessor and board of reviewers, in their answer, deny " that the machinery asked to be exempt is used or employed in the manufacture of articles of wood complete in themselves," but they, on the contrary, aver that it simply dresse and tongues and grooves rough plank as same is turned out from the saw-mill.

That, consequently, the plaintiff's exemption should be denied.

The following is the substance of the admissions agreed to by counsel, viz. :

1. That more than five hands are employed in operating the planing mill and machinery.

2. That the mill and machinery are engaged in dressing rough lumber into plain and tongued and grooved weather-boarding, flooring and ceiling; and also in making mouldings, door and window casing, base boards and wainscoting.

3. That all articles of wood are made from rough lumber, and that this lumber is sawed in lengths ranging from eight feet up to the multiples of two feet.

4. That some are cut in special lengths on special request.

The witnesses at the trial say, generally, that while the articles prepared are ready for immediate use, that the window-casing and door-casing are not cut into special lengths required for doors and windows when they leave the mill; but same have to be sawed or cut into proper lengths by the carpenter and builder, and that this is true of all the lumber which the plaintiff manufactures.

Further, that after same is thus cut into proper lengths it has to be put together by (a) carpenter, and used in the construction of buildings. One of the witnesses of the defendant—an experienced carpenter—says:

" Ordinarily, a piece of flooring, ceiling, moulding, etc., as turned out of the mill, has, of course, to be cut for use. * * * One is as complete for the purposes for which it is intended as the other. Both have to be cut into proper lengths, but never (to) change the form. A piece of ceiling turned out from the planer, without being attached and worked into other lumber, would not be an article complete within itself."

Again: " Ceiling, flooring, and siding, where it does not have to be cut to get the proper length, have to · have their ends (sawed off) to be squared, to make a neat joint."

The foregoing is a fair synopsis of all the testimony; and, thereupon, the question for decision is: Is plaintiff's property engaged in the manufacture of articles of wood in the sense of the Constitution, entitling it to an exemption from taxation?

What are the articles of wood that plaintiff manufactures? Its petition enumerates lumber which is planed, dressed and tongued and grooved, such as weather-boarding and moulding of different kinds. The process is that of transforming rough sawed lumber into weather-boarding, flooring and ceiling. But no definite fixed shape or dimensions are given to the dressed or planed lumber. When turned out of the planing mill it is not in a condition for *immediate use* without further manipulation or work thereon; but it is necessary for same to be cut into special lengths to suit a given purpose or use and afterward put together by the carpenter or builder.

Taking up the adjudicated cases and examining them, we find that *the readiness for immediate* use has been, uniformly, made the test of exemption. In Jones vs. Raines, 35 An. 998, this court interpreted the words " articles of wood " to mean " such as furniture or other like articles;" or, in other words, " that the articles of wood contemplated by the Constitution were articles which, like furniture, were made from timber, either sawed or cut."

In Martin vs. New Orleans, 38 An. 397, the exemption claimed was that of a saw-mill engaged in cutting planks from timber prepared for the purpose, and afterward converting it " into articles of wood, such as doors, sash and blinds, boxes, laths, etc., necessary for the

constructions of buildings, and put in shape and style ready for imme-diate use.''

And citing the authorities and applying them to that case the court said:

''It is manifest that the property of whatever nature which is used in the saw-mill business proper—that is, in the manufacture of raw material, namely: of lumber not ready for use as are furniture and other articles of wood, is not exempt from taxation.

''The case is different, however, as to the property which is used for the manufacture of articles of wood, ready for use by the con-sumer.''

In that case the court considered that sashes, doors and blinds were such articles of wood as were contemplated in the Constitution and held them to be exempt from taxation.

In Carre vs. City, 41 An. 996, the court cited the foregoing authori-ties and said:

''The articles of wood mentioned in the article of the Constitution are, therefore, those which, like furniture, are intended for separate use and are ready for use by the purchaser without further manipula-tion or labor on them, namely, which are complete in themselves.''

And, in emphasizing that statement, they said:

''It is evident that the cabins and planks manufactured by the plaintiff are not articles of wood within legal intendment.''

In Lumber Co. vs. Sheriff, 45 An. 456, the proposition was again emphatically announced thus, viz.:

''The testimony shows that the corporation makes shingles, laths, bridge material, fence posts, railroad ties, wood products ready for use as they come from the mill without any further manipulation. They also make the parts of common plantation cabins, the sills, joists, studding and rafters sawed to the specified lengths, and can be used in the construction of cabins without further manipulation.''

And, finally, in Brooklyn Cooperage Co. vs. City, 47 An. 1314, it was held that ''the importer of staves, already bent so as to form a barrel, of barrel heads ready for insertion and hoops to be driven on, is not to be deemed a manufacturer of a barrel, merely because he substituted machinery for the usual hand labor of setting up staves in barrel shape,'' etc.

And the court held that machinery thus employed was not exempt from taxation.

Applying the principles announced in the decisions cited to the facts of the instant case our conclusion is that the property and machinery of the plaintiff are not engaged in the manufacture of articles of wood in the sense of the Constitution and are consequently not exempt from taxation.

Judgment affirmed.

BREAUX, J., recuses himself.