In the case here it never became property of the community.

In U. S. v. Ball (C. C.) 31 Fed. 667, the court held that the title is in the United States until the entryman is entitled to his final certificate.

The entryman's right was treated as one of possession, and not as a title, in United States v. Turner (C. C.) 54 Fed. 229. The land was held not to have been "acquired" until the limitation period had run. Bishop v. Lusk (Tex. Civ. App.) 27 S. W. 306.

Property inures to the community only in case of title of some sort. The statute of the United States discovers no title in the head and master of the community until the five-years possession has elapsed. Neither have we.

For these reasons, the judgment appealed from is affirmed.

———

(34 South. 595.)

No. 14,736.

GLOBE LUMBER CO., Limited, v. CLEMENT, Assessor, et al.*

(April 27, 1903.)

STATUTES—RE-ENACTMENT—CONSTRUCTION —TAXATION—EXEMPTIONS.

1. Under the rule that where a statute is re-enacted in the same words the interpretation placed upon it must be considered as adopted along with it, the exemption from taxation

*Rehearing denied June 9, 1903.

granted by the Constitution to machinery and capital employed in the manufacture of furniture, agricultural implements, and other articles of wood must be given the same interpretation it had received under the Constitution of 1879, since it was copied word for word from that Constitution; and that interpretation is that weather boarding, ceiling, flooring, molding, and other like lumber products needing to be further manipulated, cut, or trimmed to be fitted into place are not articles of wood within the meaning of the exemption.

2. The statutory penalty of 10 per cent. attorney's fees on the amount of the taxes involved in the suit is allowed.

(Syllabus by the Court.)

Appeal from Second Judicial District Court, Parish of Webster; John Thomas Watkins, Judge.

Action by the Globe Lumber Company, Limited, against O. P. Clement, assessor, and others. Judgment for defendants, and plaintiff appeals. Modified.

Stewart & Stewart and William Rufus Cowley, for appellant. Lynn Kyle Watkins, for appellees.

PROVOSTY, J. The plaintiff manufactures flooring, dressed, tongued, and grooved; ceiling, tongued, grooved, beaded, reeded, and molded; weather boarding, dressed and beveled; siding, dressed, matched, and ship-lapped; casing, dressed and matched; studding and joists, planed, dressed, and sized; molding and stops; door and window jambs; laths; boards and fencing, planed and sized; finishing lumber, dressed, planed, and finished. These products, plaintiff claims, are "articles of wood," within the meaning of article 230 of the Constitution, exempting from taxation for a period of 10 years from the 1st day of January, 1900, "the capital, machinery and other property employed in * * * the manufacture of * * * agricultural implements and furniture and other articles of wood." The same claim was made for the articles here named in the case of Whited & Wheeless v. Bledsoe, Assessor, 49 La. Ann. 325, 21 South. 538, and ineffectually. The court considered that a fair test to be applied in determining what articles are and what not within this exemption is the following: Whether such articles require to be further manipulated—that is, further cut or trimmed —to be fitted into place, as with weather boarding, flooring, and ceiling, etc., or can be fitted into place without such further manipulation, as with shingles, railroad ties, etc. The court formulated this test in the syllabus of the case as follows:

"The readiness for immediate use of an article of wood which is manufactured has been uniformly held the test of constitutional exemption from taxation."

The court considered that the articles in question could not stand this test. That decision we must hold to be conclusive. It interpreted article 207 of the Constitution of 1879, and was the prevailing interpretation of that article when the part of the article so interpreted was re-enacted in the same words by the Constitution of 1898. It is a familiar rule that, when a statute is re-enacted in the same words, it must be supposed to be adopted along with the interpretation theretofore placed upon it. State ex rel. Da Ponte v. Board of Assessors, 35 La. Ann. 655.

Counsel argue that less trimming and adjusting is required to fit flooring or ceiling or molding into place than to fit a door, and that, doors having been held by this court to be articles of wood within the exemption, ceiling, flooring, and molding must likewise be held to be. The argument is well founded in logic, but the disposition of this court would be rather to recall the decision as to doors than to extend the exemption to mere building material. If it be that doors require further manipulation in order to be put to use, then they cannot stand the test which, as stated above, is the proper test to apply, and this court has been misled into declaring them to be articles of wood within the exemption.

We see no reason for remanding the case. The shapes and uses and mode and manner of use of the articles in question are already fully described. Anything that would be added would necessarily be cumulative only.

The demand for the statutory damages of the 10 per cent. attorney's fees on the amount of the taxes involved must be allowed. Section 56, p. 132, of Act No. 85 of 1888; page 120, Act No. 106 of 1890; State ex rel. Stempel v. City of New Orleans, 105 La. 768, 30 South. 97; Methodist Church v. Same, 107 La. 611, 32 South. 101.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to allow the defendant 10

per cent. attorney's fees on the amount of the taxes involved, to be charged as part of the costs collected by the tax collector at the same time as the taxes involved, and that as thus amended the said judgment be affirmed. Plaintiff to pay costs in both courts.