PROVOSTY, J.
Twelve years ago this court interpreted the constitutional exemption from taxation as not extending to any other manufacturer of furniture than of wood. Gast v. Board of Assessors, 43 La. Ann. 1104, 10 South. 184. From that time to this that interpretation has been acquiesced in and acted upon by the business community and by the revenue officers. In this interval the constitutional convention of 1898 has met, and re-enacted without change in word or punctuation the provision thus interpreted. Now at this late day the plaintiff asks this court to change this interpretation and extend the exemption to manufacturers of “iron furniture and wooden-frame springs.” The rule is that when an act or part thereof that has received a judicial interpretation is re-enacted in the same terms, that construction must be considered to have the sanction of the legislative body, unless the contrary appears. Am. & Eng. Ency. of Law (1st Ed.) vol. 23, p. 370; State v. Brewer, 22 La. Ann. 273; Globe Lumber Co. v. Clement, 34 South. 595, 110 La. 438; State ex rel. Da Ponte v. Board of Assessors, 35 La. Ann. 655.
Judgment affirmed.