PROVO STY, J.
Henry E. Lehman died, without having disposed by last will or testament of his interest in the community property. He left no issue, and was survived by his wife, his father, and a brother.
The brother and the widow each claims to have inherited three-fourths of the estate, conceding one-fourth to the father. The father claims the entire estate.
The Code provides that in the absence of issue, or of a father or mother, the brothers and sisters take the entire succession; that they take three-fourths in case there is no issue, but a father or mother; that, in the absence of ascendants and descendants and collateral relations, the wife inherits. Articles 903, 904, 905, 911, 912, 917, and 924; that:
“Art. 915. In all cases, when either husband or wife shall die, leaving no ascendants or descendants. and without having disposed by last will and testament, of his or her share in the community property, such share shall be held by the survivor in usufruct during his or her natural life.”
This article was amended by Act No. 57, p. 93, of 1910, so as to make the wife inherit in full ownership, instead of in usufruct only.
[1, 2] As against the brother, it is argued that, in so far as community property is concerned, the manifest intent of this article 915 is to exclude the brothers and sisters as heirs, whenever there is a surviving wife.
As against the wife, it is argued that a law which gives the inheritance to the wife, in ease the decedent has not left a father, cannot be so interpreted as to give the inheritance to her in a ease where the decedent has left a father.
In the case of Succession of Lee, 9 La. Ann. 398, this court, interpreting Act No. 152, p. 99, of 1844, now this article 915, said:
“The right of usufruct in favor of the surviving partner as to that share is derived solely -from the statute. Being derived solely from the statute, it can only be claimed in the cases designated in that statute. The case where the deceased husband or wife leaves an ascendant is not such a case.”
In that case the contest was between the surviving parent and the spouse and a sister, so that precisely the same case was before the court as is now presented.
[3] We feel bound by the interpretation thus adopted. Where a statute, or an article of the Code or of the Constitution, has been reenacted without change, the interpretation which had been placed upon it by the Supreme Court must be considered as having been adopted along with it. Benedict v. City, 115 La. 645-662, 39 South. 792; State ex rel. v. Assessors, 111 La. 982, 36 South. *963 91; Crescent Bed Co. v. City, 111 La. 124, 35 South. 484; Globe Lumber Co. v. Assessor, 110 La. 438, 34 South. 595; Murray v. Sweeney, 48 La. Ann. 761, 19 South. 753; State ex rel. v. Assessor, 35 La. Ann. 655; King y. Lastrapes, 13 La. Ann. 583; James v. Thompson, 12 La. Ann. 175; La Selle v. Whitfield, 12 La. Ann. 81. This act of 1844, as thus interpreted, was re-enacted, without change, both by being incorporated in the Code of 1870, and by the re-enactment of 1910.
It is pointed out that, according to this construction, when there is no living ascendant, the brothers and sisters are excluded by the wife; but, when there is none, she excludes them. So that, in determining whether the property shall go to her or to them, the law would be founding itself, not upon those considerations of public policy upon which the law of inheritance is founded but upon whether there is an ascendant — a circumstance utterly irrelevant in the premises.
However singular this result may he, the law would seem to be that way. The court must take the law as it is written, and not as it ought, perhaps, to have been written. A law which says that a spouse shall inherit in case there is no ascendant cannot be so interpreted as to read that the wife shall inherit, though there be an ascendant. To say that the wife shall inherit in case there is no ascendant is to say that she shall not inherit in case there is one; and the court cannot give her the inheritance, when the law expressly says she shall not have it. The law of inheritance, it must be remembered, depends absolutely upon the will of the Legislature. What the Legislature chooses to make it, that, and nothing else, it is.
The said result is not more singular than another, as to which there can be no question. Under said article 915, the survivor-ship of a grandparent excludes the wife, and the survivorship of the wife excludes the brothers and sisters; while, under article 905 of the Code, the brothers and sisters exclude the grandparent. Of this glaring combination all that can be said is ita lex scrip-ta est.
There being a surviving father, the wife, manifestly, can take nothing under article 915, since said article calls her to the inheritance only in the absence of a father. She therefore is without interest. As between the father and the brother, the law provides expressly that the brother shall take three-fourths and the father one-fourth.
Judgment affirmed.