City vs. O'Neil et als.

## No. 10,837.

### CITY OF NEW ORLEANS VS. O'NEIL ET ALS.

1. The ordinance under which the City claims a license tax from every individual carrying on the business of master builder is not contrary to Article 206 of the Constitution.
2. The master builder or contractor who employs workmen in executing his contracts is not exempt from the payment of a license tax.
3. To be exempt, the training of the mechanic and his skill must be applied by himself, with his own hands, in executing his contract.

APPEAL from the Second City Court of New Orleans. *Lavillebeuvre, J.*

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Plaintiff and Appellant.

*B. R. Forman* for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J.   The city sued to recover a license tax from the following named defendants:

Charles Garvey, Muir & Fromberg, T. O'Neil, Albert Thiesou and J. R. Turk, claiming that they were each liable as "master builders."

The defendants answered that they were following a mechanical pursuit, as carpenters, during the year for which license is demanded.

They also alleged that they are exempt, under Article 206 of the Constitution, from the payment of a license.

There is an agreement of record in accordance with which these cases were submitted in one transcript; the petition and answer in one case were to be copied and to be considered the same in all, with the change of the name and year.

In carrying out this agreement the petition in one case is considered the same against all the defendants, with the change of the name and year.

The facts in these cases are not similar to those in the case of Lagman & Son, just decided, and therefore they are separately decided. The record discloses that the defendants have been in business since a number of years.

That they are carpenters; they contracted for building houses and other structures; they employed other carpenters; they laid off the work; used the square, the spirit-level and the straight-edge, and as the building progressed in the construction, they used the plumb-line; they superintended.

The following is part of the evidence in each case:

" Q. You simply take contracts for building?

"A. Yes, sir.

" Q. And superintend?

"A. Yes, sir.

" Q. You have, probably, several of them at one time?

"A. Well, for five years I have had many; for the last three years I have not had so much."

The affirmative statements of the witnesses, with reference to their occupation as "master builders," are followed by the answers summarized as above.

These witnesses are sincere in their defence and in their testimony.

Being mechanics, they candidly claim exemption.

The exempting clause of the Constitution and the jurisprudence on the subject must prevail in determining whether they are exempt.

The exemption does not include all mechanics without regard to their pursuits. A dividing line, we must observe, is drawn.

The Constitution exempts those engaged in mechanical pursuits.

In Tax Collector vs. Conner, 42 An. 788, the defendant was a contractor, or master builder. A bricklayer himself, he employed others to do the mechanical part of the work, and he superintended. As contractor, or master builder, he was not exempt.

The Constitution declares that persons pursuing a trade are liable to a license tax, except those engaged in mechanical pursuits.

In City of New Orleans vs. Timothy Bayley, 35 An. 345, the defendant was a plasterer, worked at his trade with his own hands, and when executing a contract and having more work than he could conveniently do, employed other plasterers to assist him. The court decided that he was engaged in a mechanical pursuit, and that the employment of assistance in his occupation did not alter the nature of his occupation. The theory of the decisions is to exempt, protect and encourage the mechanic who actually works at his trade.

The testimony in the pending cases does not disclose that the defendants " worked at their trade with their own hands."

If the article applies to them, it would equally exempt the masters,. the contractors and even the architects, for they also have occasion frequently to use the plumb-line, the square and the spirit-level.

It was necessary, in complying with the Constitution, to interpret the exempting clause and draw a dividing line, otherwise all trades would be exempt, although the article authorizes and directs the General Assembly to impose a license on all trades except those especially enumerated.

There are no trades but what at times, in following them, the pursuit is partly mechanical. The artist, the photographer, and others, at times follow a mechanical pursuit.

They are not exempt from the payment of a license.

The defendants argue that the exemption of the laborer covers every man who labors with his own hands, and that the law maker, after exempting·the laborer, went further and included the mechanic, who followed mechanical pursuit.

Without the additional ·exempting phrase, specially including the mechanic, he would not have been exempted at all.

The word " laborer" does not include the mechanic.

The possibility suggested by défendants' counsel, and ·illustrated by him for the purpose of showing that· carpenters, plasterers, plumbers, slaters, may have to pay " two or three times over," is exceedingly remote.

In the first place, those who work at their trades are exempt, and the illustration can not apply as to them.

. In the second, objection to the method of· graduation is not made in the pleading, and in any event does not make it possible to decide as exempt trades and occupations not exempted under Article 206 of the Constitution.

The General Assembly graduates the of license tax. ˙It is not in the power of the courts to lay down rules ·for graduating license tax: 35 An. 76; 36 An. 94; 37 An. 42; 38 An. 397; 40 An. 463.

The master builder and contractor not being exempt, the city is authorized to enforce the ordinances imposing license tax.

The " annual gross receipts " of each defendant were more than $12,000, except those of J. R. Turk for 1890, which were more than $10,000 and less than $12,000.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from, in so far as relates to the defendants herein named,.

be annulled, avoided and reversed, and it is now decreed that there is judgment for plaintiff against each of the following named defendants, viz.:

Charles Garvey, Muir & Fromberg, T. O'Neil and Albert Thieson, for the sum of $285, with interest, as claimed, and against the defendant, J. R. Turk, for the sum of $270, with interest, as claimed.

Appellees to pay costs of both courts.

FENNER, J. In disposing of this application, which is made in behalf of the last defendants, O'Neil and others, we have to say:

1. The admissions of record conclusively establish the amount of the gross receipts on which our judgment is based.

2. In relieving Lagman & Son and in holding the others bound, we have simply applied the rule of *stare decisis*, as established in the cases heretofore decided, viz.: City vs. Bayley, 35 An. 545; Tax Collector vs. Conner, 42 An. 787.

They are cases which require a firm adherence to the rule, and we see no reason to disturb our former rulings.

3. If hardship results from grading licenses according to "gross receipts," it is nevertheless the law, and relief must be sought from the Legislature.

4. Absolute justice is unattainable in tax laws. We are not responsible for any inequity which may result from exempting Lagman & Son, while taxing the other defendants. The exemption is made by the Constitution.

Rehearing refused.