## No. 13,669.

### STATE EX REL. MARY G. T. STEMPEL, GUARDIAN, ETC. VS. CITY OF NEW ORLEANS, ET ALS.

### SYLLABUS.

1. The proposition that one can not approve the act of an agent in so far as beneficial, and repudiate it in so far as it is not beneficial, is binding even on minors.

2. The assessment of three years required by statute to be made of unassessed property includes three years preceding the year in which the assessment for the three years is made.

3. When the tax-payer entirely fails to sustain his suit for the annulment of an assessment, he owes the fee of the attorney employed by the State.

A PPEAL from the Civil District Court, Parish of Orleans— King, J.

*E. Howard McCaleb* for Plaintiff, Appellant.

*Francis C. Zacharie* for Tax Collector, Defendnat, Appellee.

*E. K. Skinner* for Board of Assessors, Defendants, Appellees.

*Samuel L. Gilmore*, City Attorney, and *Arthur McGuirk*, Assistant City Attorney, for City of New Orleans, Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff seeks to have the assessment of her property for the year 1897 cancelled on the ground that it was not timely assessed, three years having elapsed, relator insists, when reassessment was made.

The property was originally assessed in the name of D. C. McCan. This assessment was annulled by a judgment obtained by the relatrix in June, 1900, as having been made in a wrong name. By supplemental roll filed in the latter part of July, 1900, a reassessment was returned of the property. This roll was deposited and registered in the mortgage office on the third day of August, 1900.

Relatrix and her children, in whose name the property is now assessed, are residents of New York, but they have a regular appointed attorney in Louisiana.

The testimony discloses that the usual notices were issued to this agent of relatrix, that he being absent, they were left with his son who had charge to some extent of relatrix's business as representative of the chief agent. The son, during the absence of his employer, filed a petition and application for the reduction of the assessment for the year 1897 from eight hundred thousand dollars to five hundred and thirty-one thousand two hundred and fifty dollars, dated July 27th, 1900. The petition was granted and the assessment reduced to about half a million of dollars.

It is admitted that relatrix's attorney appeared within the delay and objected to the assessment roll for the year 1897 on the ground that the assessment was made more than three years subsequent to the original assessment.

The judge of the District Court pronounced judgment in favor of respondents in the case here, refusing the *mandamus* for which the relatrix sued and decreed that attorney for the State Tax Collector is entitled to ten per cent. attorney's fees on the aggregate amount of the taxes and penalties. From this judgment, relatrix prosecutes this appeal.

We take up for review, in the first place, the objection of the relatrix that the petition for reduction of the assessment for the year 1897 was unauthorized; that the one who presented the petition was neither the guardian nor the agent of the guardian nor the agent of the guardian's agent. This is sustained by the record to some extent. As a witness, the young man in charge of the agent's office, in a clear and direct manner, proved that he did not assume to act without authority; that he properly sought, "in the regular course of business that I had to attend to for the estate," quoting from his testimony, "to protect the property, and I obtained, as before stated, a large reduction of the assessment."

As an original proposition, as he did not hold a special power of attorney in writing, it results, perhaps, that his petition and application for the reduction of the assessment, does not of itself operate as an estoppel against these minors.

But we will not discuss that proposition. We do not imagine that the discussion would prove of any consequence in deciding the issues. Of this, however, we feel certain (without special regard to the estoppel before mentioned) the relatrix not having sought to disavow the act of the young representative in so far as it was beneficial, she is not in a position to urge persuasively that she is not bound by his action as far as she may deem that it was not favorable to her interests. In other words, the position in her behalf is somewhat contradictory in this, that relatrix contends that the young man's verbal agency is binding as to reduction of the assessment, but not binding as an estoppel against her minor children. In those particulars in which she is benefitted, relator accepts as correct the act of the son of her agent in having obtained a reduction of the assessment. It follows that the relatrix having availed herself of the reduction, is not in a situation, in a legal point of view, to question his action on the ground of want of authority to act, in so far as she may think that the services were not to her interest. The *maxim qui sentit commodum sentire debet et onus,* is altogether unfavorable to relatrix's contention. Even minors can not avail themselves of part of an act in their behalf and reject another part on the ground that it is against their interests.

The second issue pressed upon our attention by relatrix and to which we pass for decision, grows out of the plea of three years prescription, based upon the fact that the reassessment was made in July, 1900, after the assessment for that year had been made. Had the three years elapsed when the reassessment was made? Was the assessor, in making the reassessment, limited by the terms of the statute to the years 1898, 1899, and 1900? This would, if answered in the affirmative, exclude the year 1897 on which the taxes are claimed.

The reassessment was made in 1900.

Regarding the issue now under consideration for decision, it is important to determine when the tax payer was to be considered delinquent under the statutes in force in 1900, for if the tax payer in 1900 was not a delinquent for his taxes, then the taxes due that year are not to be taken into account in determining the years for which a reassessment was proper under the statute. We have to deal only with back taxes.

The statute directs assessors to assess property omitted, provided that no back taxes for more than three years shall be assessed against said property. Sec. 11, Stat. 85 of 1888; Sec. 11, Stat. 106 of 1890. The taxes of the current year are not back taxes. They are not to be considered in fixing the time referred to in the statute, that is, the three years back taxes in question.

In seeking to have the year of reassessment considered as one of the back years, appellant points to the fact that the reassessment having been made in 1900 and the assessment for that year having been closed that year was a back tax year; that it follows that the reassessment could not be made for the three years preceding 1900. That is true, if 1900 was a back year, but how can it be thus considered? Although the assessment itself may have been closed, the taxes were not due until October on personal property and later on real estate. The completed assessment does not fix the time, but the date, when the tax became due. Appellant refers to State vs. Sage, 78 N. W. 14, a Minnesota case, in which it was held that the "statute of limitations does not commence to run until the expiration of the time for the filing of the assessment roll showing delinquent taxes." Evidently this is sustained by the laws of that State. In this State it is different, because Article 106 of the Constitution provides, "tax liens, mortgages, and privileges, shall lapse in three years from the 31st day of December in the year in which the tax is levied." A tax is scarcely a back tax before prescription begins to run.

This brings us to the ten per cent. attorney's fees of which appellant complains on the ground that Section 56 of the Revenue Act of 1898 applies *ex vi termini* only to injunction proceedings, wherein tax collectors are sought to be restrained from the collection of taxes and appellant, in addition, urges that the law making power can not impose a penalty in the nature of a compensation of ten per cent. for attorney's fees upon a tax payer. And relator further contends that the section of the law refers to injunction. 2. That it does not include services rendered by the attorney in opposition to the application by way of *mandamus* to reduce taxes. The following is an excerpt from Section 56 of the Revenue Act of 1898, "That the attorney at law who represents the tax collector, or tax collectors, in all proceedings for the reduction of assessments and collections of taxes and in all injunction proceedings wherein the tax collector or tax collectors are sought to be restrained from the collection of taxes, shall receive a compensation of ten per cent. on the

amount collected. Here, the suit is by *mandamus* and not by injunction. But the commission of ten per cent. is not restricted to proceedings by injunction. It embraces services rendered in the reduction of assessments, and is due whether the proceedings to reduce assessments are by injunction or by *mandamus*. Here the proceedings were brought for the reduction of the taxes claimed. The purpose is reduction by limiting the years, as claimed by appellant. It is an action for reduction of assessment. An assessment for one year may be reduced in different ways. The assessment for a series of years may be reduced by excluding one or more years from the series. Beisdes, *mandamus* here is the *alter ego* of injunction and raises issues relating to assessment and collection of taxes as far reaching as can be raised by injunction. There is as much necessity for services of counsel as there is in defending an injunction.

The appellant, in the next place, contends that the statute is unconstitutional. This attack upon the statute is not sustained. It does not violate any of the limitations of the Constitution.

The decision in Gulf C. & S. F. R. R. Co. vs. Ellis, 165 U. S. 150, has no bearing upon the issue here. The rule laid down in the cited decision was directed against legislation usually referred to as class legislation The statute declared unconstitutional had for its purpose to award fees of counsel to those who had claims of a particular kind against railroads, it was class legislation. Here there is nothing of the sort. The statute attacked in this case is general. The State imposes upon the litigant the burden of paying the fee of the attorney when the tax payer resorts to the courts and fails there in his demand.

The statute is general in term and scope.

The judgment appealed from is affirmed.

On application for rehearing, application to amend judgment denied and rehearing refused.