## No. 13,990.

METHODIST EPISCOPAL CHURCH, SOUTH, ETC., VS. CITY OF NEW ORLEANS.

### SYLLABUS.

1. All property is liable to taxation unless shown to be within some exemption established by law. Hence, in a proceeding to annul an assessment, the exemption relied on must be affirmatively established.

2. Property, liable to taxation, which is entered upon the assessment rolls as "exempt," and which is not assessed, is "omitted" from the assessment as effectually as if it were not entered at all, and is, therefore, within the meaning of the law providing for the assessment of property which has been "omitted."

3. Taxes for the current year are not included in the term "back taxes," as used in Section 12 of Act 170 of 1898, providing that "no back taxes for more than three years shall be assessed," hence, taxes may be assessed for three years preceding that in which the assessment is made. Nor, does it affect the question that the supplemental tax roll is not recorded or the notices of assessment given until the following year.

4. A suit, the purpose of which is to relieve property of the taxes assessed against it for one, or more, years, is a proceeding "for the reduction of assessments" within the meaning of the law providing that in such cases the attorney of the tax collector shall be compensated by receiving ten per cent. on the amount collected.

APPEAL from the civil district court, parish of Orleans—*Théard, J.*

*William S. Benedict,* for plaintiff, appellee.

*H. Garland Dupré,* assistant city attorney, for defendant, appellant.

The opinion of the court was delivered by

MONROE, J. The plaintiff alleges that certain real estate belonging to it, to-wit: lots 6, 7, 8, 9 and 10 in square 242, bounded by Jackson, Brainard, Josephine and Carondelet streets, in the city of New Orleans, have recently been assessed for the taxes of 1895 and 1896, without authority of law, said property having been, under article 207 of the constitution, and contemporaneous jurisprudence and custom, exempt from taxation, as used for religious purposes. That said assessment was made upon a so-called "supplemental roll," made up, it is claimed, in consequence of a decision of the supreme court, which decision was,

however, rendered in a case to which petitioner was not a party, and, by its terms, exempts like property for said years. That the assessment in question is said to have been made under the authority of section 12 of act No. 170 of 1898, but that said law was not complied with, or is inapplicable, for this: that said property was not *"omitted"* from, or "erroneously," or "improperly," assessed on the regular rolls, but was entered thereon as exempt, and hence the statute relied on confers no authority on the assessors to make a new assessment, and the same should be decreed null and void. It is further alleged that the property has been assessed *in globo* under the numbers 6, 7, and 8, lots 9 and 10 not being named, though included in the measurement. The prayer is, that the board of assessors, the state tax collector, and the city of New Orleans be cited and that plaintiff have judgment annulling the assessment of which it complains.

The defendants have answered, denying generally the allegations of the petition; and the board of assessors and state tax collector pray that they be allowed attorney's fees.

There is nothing to show that the proeprty in question is now, or has ever been, used for any purpose which would entitle it to exemption from taxation. The assessor states that it belonged to "this church association," and that it was at one time used as a parsonage, and at another as a boarding house. Being the property of a religious corporation, he had, however, entered it on the rolls as exempt, during the years in question. It is admitted that the supplemental assessment roll, for the year 1895, was filed December 29th, 1898, and recorded in the mortgage office, April 5, 1899, and it is shown that the taxes of 1897, 1898, and 1899 have been paid, upon similar assessments. There was judgment in the court *a qua* in favor of the plaintiff as to the year 1895 and against it as to the year 1896. The city of New Orleans, alone, has appealed, and the plaintiff joins it in the appeal "in so far as to complain of the judgment of the lower court in allowing the claim of the attorneys of the state tax collector for ten per cent. upon the amount of the taxes due for the year 1896, the cancellation of which had been prayed for and rejected whilst that for the year 1895, likewise embraced in the prayer, had been allowed."

Section 12 of act 170 of 1898 is identical with section 11 of act 106 of 1890, and reads as follows:

"That if any tract or lot of land or other property shall be omitted in the assessment of any year, or series of years, or in any way erro-

neously assessed, the same, when discovered, shall be assessed by the assessor or tax collector for the whole period of which the same may have been omitted or improperly assessed, and shall be subject to the state, parish and municipal taxes which have been or may hereafter be assessed against said property, in accordance with law; provided, no back taxes for more than three years shall be assessed against said property, and provided further that such assessment shall appear upon a supplemental roll and be filed in the same manner as regular tax rolls. A notice by mail shall be given of the completion of said assessment rolls and that it is exposed for examination in the office of the assessors, whether the tax is on movables or immovable property, and that ten days are allowed said parties to make to the assessor any complaint they may wish to urge against said assessment. And in the case of unknown owners notice shall be published twice, during a period of ten days, in a daily newspaper published in the city of New Orleans, and, in other parishes, as provided by section 21 of this act, and, in case of no complaint, said assessment, without any further requisite or formality of any kind, shall be final and conclusive on the parties assessed. In the event of any such complaint, the decision of the assessors thereon shall be promptly made, and shall be final; and said assessment, without any further formality or requisite of any kind shall be binding and conclusive on the parties assessed, saving, however, the parties assessed an appeal to the courts within five days from the decision of the assessors on said complaint, which decision shall be deemed notice, and said delay of five days shall begin from the day of the entry by the assessors on said supplemental roll of the words ' appeal rejected'."

Property liable to taxation which is entered upon the assessment rolls as " exempt," and which is not assessed, is " omitted in the assessments " as effectually as if it were not entered at all, and is, therefore, within the meaning of the law providing for the assessment of property which has been omitted.

As all property is liable to taxation unless it be shown to be within some exemption established by law, and as no such showing is made in this case, we must assume that the property in question was liable to taxation.

The admission, that the supplemental roll for 1895 was filed on December 29th, 1898 is conclusive as to the time of the assessment. The law provides that no " *back* taxes for more than three years shall be assessed," but, as was held in the "Stempel" case, taxes for the current

year are not "back taxes." State *ex rel.* Stempel vs. New Orleans *et als.,* 105 La. 768. During the whole of the year 1898, the only *back* taxes were those for preceding years, and it was competent for the assessors to go back as far as 1895 for the purposes of a supplemental roll. The fact that the roll was not recorded in the mortgage office and that the plaintiffs were not notified of the assessment until later does not affect the question, as the assessment had been made within the time prescribed. The question of the attorney's fees was also disposed of in the Stempel case. It was there held that the attorney representing the tax collector "in all proceedings for the reduction of assessments," etc., is entitled to "ten per cent. of the amount collected," and that a proceeding the purpose of which is to relieve the property from liability for taxes for certain years is an action for the "reduction of assessment." Neither the tax collector nor his attorney are complaining, however, and no change will be made in the judgment, from which the city, alone, has appealed, as to the matter of attorney's fees. The only remaining question relates to the description of the property. It is sufficient for the purposes of identification and the plaintiff has since then paid the taxes for several years based upon a similar description. The case, upon the whole, is with the appellant.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed in so far as it directs the cancellation of the assessment of the property in question for the purposes of city taxation for the year 1895, and in all other respects that said judgment be affirmed, the plaintiff to pay all the costs.

Rehearing refused.