LAND, J.
The plaintiff enjoined the defendant, tax collector of the city of Shreveport, from selling for municipal taxes, costs, and penalties a certain lot, with a two-story brick building thereon, on two grounds, to wit:
First, because the property was employed in its business as a manufacturer of articles of wood, and was therefore exempt under the provisions of article 230 of the Constitution of 1898; and, secondly, because the charge of a penalty at the rate of 2 per cent, per month from the 1st day of November of each of' the years 1900, 1901, 1902, and 1903, was illegal and unconstitutional.
It appears that the property was placed on supplemental rolls for said four years, and the said penalty charged from November 1st of each year.
The defendant for answer denied the alleged . exemption, and asserted its right to levy the 2 per cent, penalty by virtue of Act No. 158, p. 305, § 14, of 1898, to incorporate the city of Shreveport.
There was judgment declaring the property subject to taxation, but decreeing said section 14 to be unconstitutional, and denying the claim for penalties, except from January 1, 1904.
Both parties have appealed from the judgment, and we shall consider the two issues in their logical order.
Exemption.
. Article 230 of the Constitution of 1898 exempts from parochial and municipal taxation, for a period of 10 years from the 1st day of January, 1900, the capital, machinery, and other property employed in mining operations and in the manufacture of textile fabrics, and of furniture and other articles of wood.
Plaintiff company is a manufacturer of such articles of wood as sash, doors, blinds, transoms, etc., ready for immediate use.
The brick building in question is detached from plaintiff’s factory, and the lower floor is and has been used as an office and as a warehouse for the storage of' articles manufactured by the company such as doors, sash, blinds, transoms, etc. The upper floor is and has been leased to third persons. Hence the claim of exemption is reduced to the lower or first floor of the building. It is in evidence that the company stores in the building glass doors, and' windows, the frames of which only were manufactured by the concern. It is also shown that building paper not manufactured by the company is also stored on the same floor. The com *513 pany usually made its sales at tbe factory, but would sell at the warehouse office to any one desiring to purchase at retail. All correspondence as to sales was carried on from the office, in the building.
Article 230 of the Constitution of 1898 exempts from parochial and municipal taxation the capital, machinery, and other property employed in the manufacture of articles of wood. As it is necessary for the manufacturer to have a place for storing such articles for preservation and sale, it would seem that such place would be incidentally included in the exemption. But can such exemption be extended to a building or a part thereof, which is also used for the storage of other articles purchased for resale, either, in the same form or in connection with the articles manufactured. We think not, for exemption from taxation is strictly construed, and cannot be extended by implication. In the instant case the plaintiff is not a manufacturer of glass or building paper, and as to such articles stands on the same footing as an ordinary dealer. The evidence does not show the proportion between tbe articles exempt and nonexempt contained in the same storeroom. Hence, it is impossible to say to what extent the lower floor is and has been used for the storage of articles of wood manufactured by the plaintiff.
We, therefore, are of opinion that the judgment of the lower court is correct in so far as it denies the exemption claimed.
Penalties.
The supplemental assessment in this case was evidently made under the authority of Act No. 170, p. 353, § 12, of 1898, the general revenue law of the state, directing the listing of property omitted in the assessment of any year or series of years. This section provides that 10 days’ notice by mail shall be given to known owners, and by publication to unknown owners of the completion of such supplemental roll, and that the same shall become final and conclusive in case no complaint be made within such delay. This section further provides that property so assessed shall be subject to the state, parish, and municipal taxes which have been or may be assessed against said property; “provided no back taxes for more than three years shall be assessed.” Where there is no assessment of property, there is no warrant for the collection or payment of taxes thereon, and therefore in such a case the owner cannot be considered a delinquent prior to the date of the assessment. Under said section 12, the taxes for the years 1900, 1901, and 1902, became due and payable at the same time as the taxes for the year 1903, in which the supplemental assessment was made, and the penalty could not attach prior to the date the taxes became delinquent.
There is no provision in that section or in the act, for the assessment of back penalties against the taxpayer.
Judge Cooley, in his work on Taxation (3d Ed., p. 902), says:
“Penalties must be plainly imposed or they cannot be exacted, and if one is illegal in part it is wholly void. The laws imposing them must be followed strictly, and they can not be given retroactive effect.”
The same author in note 2, p. 903, says:
“A statute providing for adding omitted property to the tax duplicate does not authorize charging the owner with penalties and interest that would have accrued on such property had it been included in the tax duplicate at the proper time. Gallup v. Schmidt, 154 Ind. 196, 56 N. E. 443.”
It is obvious that, until an assessment be made, the owner cannot know what amount is due by him for taxes, and that it would be inequitable to charge him with penalties for nonpayment until such amount is ascertained according to law and the tax collector vested with authority to receive payment.
We, therefore, are of opinion that no penalties accrued prior to the assessment of 1903, and the remaining question is whether the *514 taxes for the four years become delinquent on November 1,1603, or January 1, 1904.
Under section 14 of the city charter (Act No. 158, p. 305, of 1898) such taxes became delinquent on November 1, 1903, and thereafter “subject to a penalty of 2 per cent, per month until paid.” But plaintiff contends that under the Constitution of 1898 such a penalty could not be imposed until on and after the 31st day of December, 1903, and cites articles 233 and 243.
The Constitutions of 1879 and of 1898 agree in requiring uniformity to a certain degree in the assessment and collection of taxes, state, parochial, and municipal. Both provide that “the valuations put upon property for the purposes of state taxation shall be taken as the proper valuation for purposes of local taxation, in every subdivision of the state,” and that there shall bé no forfeiture for the nonpayment 'of taxes of any kind, but at the expiration of the year in which said taxes are due the collector shall, after having given notice to the delinquent, advertise and sell the property in a certain manner for the amount of the taxes, interest, and costs.
Both constitutions also provide that all the articles and provisions therein contained relating to the collection of state taxes and tax sales shall also apply to and regulate the collection of parish, district, municipal, board, and ward taxes.
= For the purposes of this discussion article 210 of the Constitution of 1879 accords with article 233 of the Constitution of 1898, which, in part, reads as follows, viz:
“Art. 233. There shall be no forfeiture of property for nonpayment of taxes, state, levee, district, parochial or municipal, but at the expiration of the year in which said taxes are due the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale in the official journal in such parish, city, or municipality, the property on which the taxes are due in the manner provided for judicial sales, and on the day of sale he shall sell such portion of property as the debtor shall point out; and in ease the debtor shall not point out sufficient property, the collector shall at once and without further delay sell the least- quantity of property which any bidder will buy for the amount of taxes, interest, and costs.”
This article neither fixes the time when taxes shall become due nor the date when they shall become delinquent, but simply provides, first, that there shall be no forfeiture of property for the nonpayment of taxes ; and, secondly, for the sale of the property at the expiration of the current tax year after notice to the delinquent. In respect to movable property, the Constitution further provides that the taxes shall be collectible by seizure and sale, and in the year in which the assessment is made. , Articles 233 and 234.
The general revenue act of 1898 provides that all taxes shall be due as soon as the tax roll is filed in the office where the mortgage records are kept, and shall be paid, in case of immovables, on or before the 31st of December in each respective year, and in case-of movables, on the 1st day of the calendar month next succeeding the filing of the tax roll. The act further provides that:
“All taxes unpaid on the 31st day of December of each and every year shall bear interest at the rate of two per cent, per month from said date.”
In the general municipal incorporation act of the same year it was provided that tax collectors should collect municipal taxes “during the time and in the same manner and under the same penalities as the state and parish taxes are collected.” Act No. 136, p. 240, § 35, of 1898. The same Legislature, however, in the same year, empowered the city of Shreveport to collect 2 per cent, per month interest on delinquent taxes from and after November 1st of each year, and the city of Baton Kouge to collect interest at the rate of 10 per cent, per annum on all taxes remaining unpaid on the 15th day of December of the year for which they were assessed. *515 Act No. 158, p. 295, of 1898; Act No. 169, p. 327, of 1898.
The legislation since 1879 shows that while the penalty for nonpayment of state and parish taxes have been made to accrue from and after the 31st day of December of each year, the rule has been different as to municipal taxes. Thus, in 18S2, the Legislature imposed an interest penalty of 10 per cent, per annum upon municipal taxes not paid and delinquent 30 days after the completion of the tax bills. See Act No. 109, p. 161, of 1882. In'1884, the Legislature amended the' charter of the city of New Orleans so as to provide that taxes on immovables should become delinquent and subject to an interest penalty on and after the 30th day of April of each year. By Act No. 45, p. 46, of 1896, incorporating the city of New Orleans, it was provided that taxes should become delinquent on the 1st day of August, and that there should be imposed thereon an interest penalty of 10 per cent, per annum. It has been already noted that the first Legislature convened after the adoption of the Constitution of 1898, provided that in the cities of Shreveport and Baton Rouge the penalty for nonpayment of taxes should accrue prior to the 31st day of December of the current tax year.
This uniform legislative interpretation is entitled to great weight, and strengthens the conclusion that neither the Constitution of 1879 nor the Constitution of 1898 fixed the date of delinquency on the 31st day of December of the current tax year. Both Constitutions simply inhibit proceedings to enforce the payment of taxes on immovables by sale prior to the end of the year in which the assessments are made. The matter of interest and penalties was left to legislative determination.
We, therefore, are of opinion that section 14 of the charter of the city of Shreveport does not violate any prohibition contained in the Constitution of 1898.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court herein be annulled, avoided, and reversed, in so far as it decrees that Act No. 158,' p. 305, § 14, of 1898, is unconstitutional, null, and void, and in so far as it allows the penalty of 2 per cent, per month only from the 1st day of January, 1904; and it is now ordered and decreed that said judgment be amended by allowing said penalty from the 1st day of November, 1903, and that, as thus reversed in part and amended, said judgment be affirmed; plaintiff and appellant to- pay costs of appeal.