———o———

No. 5999.

## STATE OF LOUISIANA vs. JOS. MUSTAICHE & CO.

### Syllabus.

1. Act 148 of 1906 is constitutional and is not violative of Articles 31 and 33 of the Constitution.

2. A wholesale dealer is one who sells by the original or unbroken package or barrel only, and to dealers for resale.

3. A claim for licenses becomes prescribed on the lapse of three years from the time that the licenses become due and delinquent.

Appeal from the Civil District Court, for the Parish of Orleans, Division "E," No. 102, 962. Hon. G. H. Theard, Judge.

W. W. Westerfield, for plaintiff and appellee.

— 145 —

Patorno & Smart, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendant having been condemned by the trial Court to pay the licenses demanded by the State, appealed to the Supreme Court, on the ground that the constitutionality of the license was involved. The Court held that no such issue was presented and dismissed the appeal; and defendant thereupon prosecuted the present appeal to this Court within the legal delay.

State vs. Jos. Mustaiche & Co., 123 La., p. 216.

Licenses are claimed by the State of defendant, as a "wholesale dealer" for the years 1909-12, inclusive, and the defendant interposes the plea of estoppel "for the reason that the State has already accepted payment for license from defendant, as commission merchant, for all its business conducted during said years;" and defendant, while admitting that Act 148 of 1906, expressly does and was designed to relieve the State from the penalty or effect of an estoppel under such circumstances, specially pleads that said Statute is unconstitutional.

The question thus presented, namely, the constitutionality of said Statute, may be dismissed from further consideration by the statement that the Supreme Court has but recently upheld the Statute against an attack based upon the identical constitutional objection that the defendant presently urges here.

State vs. J. Foto & Bro., decided Dec. 1st, 1913, 63 So. Rep., 859.

Defendant next contends that it is not a "wholesale dealer;" but upon its own testimony the contrary fact is established, for it is shown that defendant's business

consisted, partly of selling in original packages and to dealers for resale.

**City vs. U. Koen & Co., 38 A., 328.**

The defendant, however, has pleaded in this Court the prescription fixed by Act 148 of 1906, as to the license demanded for the year 1909; and as this suit was not instituted until December, 1912, and as licenses became delinquent on the first day of March of each year, the plea appears to be well founded. As the license of that year is prescribed the judgment will require amendment.

It is accordingly ordered that the judgment appealed from be amended by rejecting the claim of plaintiff for the license of $50.00 for the year 1909, with interest and attorney's fees upon said sum, but that in all other respects the judgment be affirmed.

Amended.

Opinon and decree, January 12th, 1914.

Rehearing granted, March 9th, 1914.

## On Rehearing.

### Syllabus.

1. The State is not estopped from claiming licenses or additional licenses by failing to demand them promptly. She may sue for them until prescription shall have run against them.

2. Act 148 of 1906 relative to licenses is not unconstitutional.

3. A wholesale-merchant is one who sells by the bale, box or barrel, or by the crate, sack or original package, and he owes a license as such. The fact that he sells also by the piece, pound, or gallon, or yard, or broken package, does not take away from him the character of wholesale merchant but only superadds that of retail merchant.

4. All licenses are prescribed by three years, not including the license of the year in which the suit is filed.

When a class of merchants have continuously paid the license which they believed they owed within the time prescribed by law, and they are afterwards called upon by the Tax Collector to pay another license for which they are condemned by Court they will be made to pay interest on the new demand only from the date of judicial demand.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff filed a rule against the defendant, claiming licenses as "wholesale" dealers for the years 1909-1910-1911 and 1912, under Act 171 of 1898, at the rate of $50.00 for each of the years with interest and attorneys fees.

The defense is fourfold.

1. That the State is estopped from claiming said licenses for the reason that it had already accepted payment of licenses from defendants as commission merchants for said years, and that if defendants' affidavits were untrue the State should have traversed them promptly.

2. That if the State claims said licenses under Act 148 of 1906, defendants aver that said Act is in violation of Articles 31-32 of the Constitution in having more than one object and in failing to re-enact the amended Sections in full and therefore null and void.

3. The defendants deny that they are engaged in the business of wholesale merchants, and

4. They plead the prescription of three years to the claim for the license of 1909.

# I.

In the case of **State vs. N. O. Chess Club, 116 La., 46,** the Supreme Court decided that under Section 19 of Act 171 of 1898, p. 417, the Tax Collector, if not satisfied with the affidavit, should proceed "promptly" to demand any additional license, and that he was without authority to demand additional licenses for back years. But by Sec. 1 of Act 148 of 1906, p. 252, the Tax Collector was allowed to proceed until prescription began.

# II.

We are relieved from the necessity of passing upon that point which has been decided adversely to the defendants in **State vs. Foto, 63 So. Rep, 859,** and **State vs. Mustaiche & Co., 62 So. Rep., 637.**

# III.

Section 6 of Act 171 of 1898, p. 394, defines what a wholesale dealer is in these words:

> "Provided, that no person or persons shall be deemed wholesale dealers unless he or they sell by the original or unbroken package or barrel only; and provided further, that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for resale. If they sell in less quantities than original unbroken packages or barrels, they shall be considered retail dealers, and pay license as such."

The Supreme Court, in construing Section 6 of Act No. 4 of 1882, page 64, in **ipsissimis verbis,** the same as above Act of 1898, in the leading case of **City vs. Koen, 38 A.,** p. 328, decided that all those merchants were liable to a license as wholesale dealers who sold "to any customer

whomsoever any quantity desired whether one cigar, or one or more boxes of cigars, or a pound, or a bale of tobacco, or any portion thereof, and not by the original or unbroken package or barrel only; but in both modes, that is a single cigar or dozen thereof, or a box, besides selling to dealers in original and unbroken packages.''

To the same effect see, 121 La., 22; 42 A., 10.

In the case of **Flournoy & Millsaps vs. Grady, 25 A., 591,** the Supreme Court said:

> ''He is a wholesale dealer when he sells parcels of goods in packages, as for instance, two barrels of flour or whiskey, or whiskey and flour by the barrel, or one or more sacks of coffee, or bolts of goods, at the same time, and to the same party. He is a retail dealer when he sells flour by the pound, whiskey by the gallon or bottle, dry goods by the yard. He is both a wholesale and retail dealer when he sells all such articles by the package or by the pound indifferently, and as this is what these plaintiffs do, they confessedly sell by wholesale as well as retail, they must pay for a wholesale license.''

The only testimony in this case is that of defendant, Joseph Mustaiche. He testifies that he sells oranges, potatoes, apples, celery, cabbages, onions, lemons and things like that; that he sells by the bucket, by the sack or half sack, by the dozen, by one head or two heads or 100 pounds, by the crate, by the box, or barrel, or half box, any way you want; he sells to retailers in the market, and to anybody that comes along, for five cents up; he keeps two horses and two wagons to deliver goods sold in large quantities.

Under the Act of 1898, and the decisions above, we are forced to conclude that the defendants ''confessedly sell

by wholesale as well as by retail and that they must pay for a wholesale license.''

## IV.

Section 1 of Act 148 of 1906, p. 252, provides:

"That all claims for licenses and for additional licenses, State, town, municipal, and parochial, exclusive of claims for licenses and additional licenses for the current year shall be prescribed by three years."

On reconsideration we think a correct interpretation of the Statute to be, that all licenses are prescribed by three years, exclusive of, or excluding, or not including the license of the current year or the license for the year in which the suit is filed. This interpretation makes licenses subject to the same rules that limit the assessment of omitted property to three years.

**Act 170 of 1898, Sec. 12; 105 La., 771; 107 La., 613.**

Inasmuch as the judicial claim in this case was filed in December, 1912, the license for the year 1912 was excluded from prescription and the State had a right to claim licenses for three years anterior thereto or for the years 1911-1910-1909; all licenses anterior thereto are prescribed.

But the defendants have paid a license tax of $25 as commission merchants for each of the years 1909-1910-1911 and 1912. No demand for another license had ever been made upon them or others similarly situated, and we must presume that they were in good faith in believing that they owed no other license. We think under the

circumstancs that they should be relieved from the payment of interest except from judicial demand.

**State vs. Hartwell, 117 La., 144 (153).**

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be amended, and that the State of-Louisiana do have and recover judgment against the defendant for a license of fifty dollars for each of the years 1909-1910-1911-1912, together with two per cent per month interest on each of said amounts from judicial demand, say December 27th, 1912, until paid, and ten per cent on the whole principal and interest as attorney's fees and that in other respects the judgment of the lower Court be affirmed, the plaintiff to pay costs of appeal.

Judgment amended and affirmed.

Opinion and decree, April 20th, 1914.