(78 South. 433)

No. 21432.

ELKS THEATER CO. v. CITY OF NEW IBERIA.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

1. TAXATION ⬤⟳241(3)—EXEMPTIONS—PROPERTY OF FRATERNAL ORDER—CONSTITUTION.

A theater of a fraternal order used for fraternal purposes, the hall or auditorium being also used for picture shows and theatrical performances, and rooms in the building being leased as stores, was not exempt from taxation under Const. art. 230, as belonging to a fraternal organization, in view of the proviso that the property exempted be not leased for purposes of private or corporate profit or income.

2. MUNICIPAL CORPORATIONS ⬤⟳971(3)—TAXATION — SUPPLEMENTING ASSESSMENT ROLL —AUTHORITY OF CITY—STATUTE.

After a city, as it had charter right to do, had made its assessment roll for 1918 by copying the state assessment roll, it was without authority to supplement the assessment roll by adding plaintiff's theater, under Act No. 69 of 1908, providing that, if any property shall be omitted, when discovered it shall be assessed by the assessor or tax collector, etc.; such act not being applicable to a town or city.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the Elks Theater Company against the City of New Iberia. From the judgment, defendant appeals. Affirmed.

L. O. Hacker, of New Iberia, for appellant.
Burke & Smith, of New Iberia, for appellee.

PROVOSTY, J. After the city of New Iberia had made its assessment roll for the year 1913, by copying the state assessment roll, as it had the right, under section 85 of its charter (Act No. 187 of 1910) to do, it added to it the theater of the plaintiff fraternal benevolent association. The plaintiff, by this suit, enjoined the assessment, on the grounds that its said theater is exempt from taxation, under article 230 of the Constitution, as belonging to a fraternal organization; and that the city was without authority to supplement the assessment roll in that manner.

[1] While said theater is used for the fraternal purposes of the plaintiff, its hall or auditorium, is also used for picture shows and theatrical performances, and rooms in the building are leased as stores, from which a revenue of some $1,500 is derived yearly. It therefore comes under the proviso, "provided, the property so exempted be not leased for purposes of private or corporate profit or income," and, consequently, is not exempt. Methodist Episcopal Church v. City of New Orleans, 107 La. 611, 32 South. 101; Victoria Lumber Co. v. Rives, 115 La. 996, 40 South. 382.

[2] For authority to supplement the assessment roll in the manner hereinabove stated, the city relies upon Act No. 69, p. 84, of 1908, by which the state officers are authorized to supplement in that manner the state assessment for state taxes; but that act is entitled "An act to provide an annual revenue for the state * * * by," etc., and in none of its terms is applicable to a town or city. True it provides as follows:

"That if any * * * property shall be omitted in the assessment of any year, or series of years, or in any way erroneously assessed, the same, when discovered, shall be assessed by the assessor, or tax collector for the whole period of which the same may have been omitted or improperly assessed, and shall be subject to the state, parish, municipal and levee taxes, which have been, or may hereafter be assessed against said property in accordance with law."

But the assessor and the tax collector here referred to are evidently the assessor and the tax collector mentioned in other parts of the act, and not the assessor and the tax collector of the towns and cities of the state. As to the latter officers, legislation with reference to their powers and authority must be sought for in the charters of their respective towns and cities; and the charter of New Iberia confers no such authority or power upon the assessor or the tax collector of the city.

The judgment maintaining the injunction is affirmed.