(82 South. 705)

No. 23527.

SOUTHPORT MILLS, Limited, v. CITY OF BATON ROUGE et al.

In re CITY OF BATON ROUGE et al.

(June 30, 1919.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ⚖⇒966(1)—TAXATION—PROPERTY TAXABLE.

Where land was located partly within and partly without a municipality, and it was assessed by the parish assessor for state and parish taxes, the municipality had no authority to make a supplemental assessment without the aid of the parish assessor.

2. TAXATION ⚖⇒47(1)—DOUBLE ASSESSMENT.

Where land lying partly within and partly outside a city was assessed by the parish assessor for state and parish taxes, a supplemental assessment made by the parish assessor on that part of the property within the city cannot be sustained, for the property within the city was already assessed for state and parish purposes, and the supplemental assessment would make a double assessment upon it, and the parish assessor had no authority to make a supplemental assessment for city taxes alone.

Action by the Southport Mills, Limited, against the City of Baton Rouge and others. There was a judgment for plaintiff, and defendants applied for writs of certiorari and review. Judgment affirmed.

Joseph A. Loret, of Baton Rouge, for applicants.

T. Jones Cross, of Baton Rouge, for respondent.

O'NIELL, J. The plaintiff owns a tract of land situated partly within and partly outside of the city of Baton Rouge. It was assessed for state and parish taxes for the year 1916, and the taxes were paid. The same assessment was copied upon the city assessment roll for that year, but in a suit by the owner of the property the municipal assessment was declared invalid because the property was not all within the city.

The municipal authorities then had a supplemental assessment made by the parish assessor, of the part of the property within the city, and copied the supplemental assessment upon the assessment rolls of the city for the year 1917. The supplemental municipal assessment thus made was decreed invalid by the district court in this suit by the owner of the property, and the judgment was affirmed by the Court of Appeals. The case is before us on writs of certiorari and review.

### Opinion.

[1, 2] It is conceded that the city had no authority to make a supplemental assessment without the aid of the parish assessor. See Elks Theater Co. v. City of New Iberia, 143 La. 162, 78 South. 433. The only purpose of having the supplemental assessment made by the parish assessor was to have it adopted as the municipal assessment. There was no occasion for making a supplemental assessment for state or parish taxes, because the property was already assessed for state and parish taxes, and the supplemental as-

sessment made a double assessment of the part of the property that was within the city. The case would be different if the parish assessor had made, on his original roll, one assessment of the part of the property within the city and another assessment of the part outside of the city. The point on which the decision of this case turns is that the parish assessor had no occasion for making a supplemental assessment for state or parish taxes, nor authority for making a supplemental assessment for municipal taxes alone.

The judgment is affirmed.