(38 South. 587.)

No. 15,532.

AMOS KENT LUMBER & BRICK CO., Limited, v. TAX ASSESSOR OF PARISH OF ST. HELENA et al.

(March 27, 1905. On Rehearing, May 22, 1905.)

RAILROADS—TAXATION—EXEMPTIONS.

1. Though owned by a limited company, and having for its primary and principal function the carrying of logs to a sawmill, a railroad which runs regular trains for freight and passengers, with a fixed schedule of charges, is entitled to the exemption accorded by article 230 of the Constitution to "any railroad, or part of such railroad," constructed within certain specified dates.

On Rehearing.

2. The purpose of the framers of the Constitution, as expressed in article 230 of that instrument, was to encourage the building of railroads open to the public, and the traffic upon which shall be regulated by the law applicable to common carriers, rather than the multiplication of corporations, and a railroad, or part of a railroad, which meets those requirements, and was constructed and completed after the adoption of the Constitution, and prior to January 1, 1904, is entitled to the exemption, whether owned and operated by a corporation, a private society, or an individual.

Nicholls, J., dissenting.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of St. Helena; Clay Elliott, Judge.

Action by the Amos Kent Lumber & Brick Company, Limited, against the tax assessor, and others, for the parish of St. Helena. Judgment for defendants, and plaintiff appeals. Modified.

Harry Hinckley Hall and Obadiah Pierson Amacker, for appellant. Robert S. Ellis, Dist. Atty., and Milton Alexander Strickland, for appellees. Walter Guion, Atty. Gen., for the State.

PROVOSTY, J. The sole question in this case is whether plaintiff's railroad is a "railroad," within the meaning of article 230 of the Constitution, reading as follows:

"There shall also be exempt from taxation for a period of ten years from the date of its

completion any railroad, or part of such railroad, that may be hereafter constructed and completed prior to January 1st, 1904. * * *"

The road is a narrow-gauge railroad, constructed as an adjunct to the sawmill business of the plaintiff, for the purpose of transporting logs to its mill. Its name is the Kentwood, Greensburg & Southwestern Railroad. Its length is not stated in the record. One of its termini is a point just beyond the town of Greensburg, in the parish of St. Helena. The other is probably the mill of the plaintiff, somewhere in the parish of Tangipahoa. It has a length of ten miles in the parish of St. Helena. Two trains, drawn by locomotives, are run daily—a log train and a freight and passenger train. The freight and passenger train makes one trip daily. The log train makes two trips. It has a caboose attached, and carries passengers. Sometimes it also carries freight. The rates are the same as those fixed by the State Railroad Commission, but the road has never made any report to the commission, or otherwise subjected itself to its jurisdiction. There is in the record the following admission:

"It is admitted by defendant in this case that the Kentwood, Greensburg & Southwestern Railroad carries freight and passengers."

How long the road has been in existence, and how long it has been carrying freight and passengers, are not shown by the record, except that there is testimony to the effect that in 1898 the road extended into the parish of St. Helena a little over a quarter of a mile. The testimony is that the road holds itself out to the world as a common carrier. It is practically admitted that if the road is a railroad, within the meaning of article 230 of the Constitution, it is entitled to the exemption.

The article exempts "any railroad." Now, if this road, with its roadbed and cross-ties and parallel rails, on which steam locomotives draw regular trains for the transportation of freight and passengers, is not a railroad, a pertinent inquiry would be, what is it?

Defendants' learned counsel says that "the railroad meant by article 230 of the Constitution is the same railroad meant by article 272—a common and public carrier, organized and operated by a duly chartered railroad company, endowed with all the rights and bound to the public by all the responsibilities, of such carriers"—and that plaintiff is a mere limited liability company, incapable of owning and operating a railroad. The article (272) referred to reads as follows:

"Railways heretofore constructed, or that may hereafter be constructed in this state, are hereby declared public highways, and railroad companies public carriers."

No doubt, this article has no reference to a mere private railroad; but it does have reference to a railroad which, like plaintiff's, holds itself out to the public as being engaged in the business of transporting freight and passengers for hire, at a fixed tariff of charges. Such a railroad is a common carrier. A. & E. Ency. of L. (2d Ed.) vo. "Common Carrier."

The argument of counsel assumes that a limited company or a private individual cannot own and operate a railroad, but that is a mistake. "Railroads may be owned by private individuals." A. & E. Ency. of L. vol. 23, p. 674. Nor does article 230 restrict the exemption to railroads owned by corporations, but, on the contrary, extends it, in the broadest terms, to "any railroad." This term, no matter how strictly it is construed, will embrace the railroad in question, which, in form and in use, is a railroad.

That part of the judgment appealed from relating to the railroad is alone involved in this appeal. Of the other part of plaintiff's demand this court has no jurisdiction.

It is therefore ordered, adjudged, and decreed that, in so far as it bears upon the railroad herein involved, the judgment appealed

from be set aside; that the said railroad be decreed to be exempt from taxation under article 230 of the Constitution; and that the assessment complained of be reduced by the amount of $20,000, the estimation of said railroad. Defendants to pay the costs of both courts, excepting the attorney's fees decreed by the judgment appealed from to be charged as costs, as to which the judgment appealed from is reduced in proportion with the reduction made in the amount of the assessment by the present judgment, but is otherwise to remain unchanged.

See dissenting opinion of NICHOLLS, J., 38 South. 588.

### On Rehearing.

MONROE, J. A rehearing was granted in this case at the instance of the Attorney General, who desired to be heard on behalf of the state, and who had not been apprised of the pendency of the suit until after it had been decided.

It is said that "it is only railroad companies or corporations proper that are entitled to the exemption provided by article 230 of the Constitution of 1898"; that the plaintiff corporation, having been established under Act No. 36, p. 27, of 1888, has no authority to operate and maintain a railroad; and hence that it is not entitled to the exemption.

The answer to this, as we think, is that the purpose of the framers of the Constitution was to encourage the building of railroads, rather than the multiplication of corporations, and they accordingly declared that:

"There shall be exempt from taxation, for a period of ten years from the date of its completion, any railroad or part of such railroad that may hereafter be constructed and completed prior to January 1st, 1904."

This exemption has been extended by the amendment adopted in 1904 "to any railroad, or part of a railroad, that shall have been constructed and completed subsequently to

January 1st, 1905, and prior to January 1st, 1909," and has been made to include and apply to all the rights of way, roadbed, sidings, rails, and other superstructures upon such rights of way, roadbed, or sidings, and to all depots, station houses, buildings, erections, and structures appurtenant to such railroads and the operation of the same. Act No. 15, p. 19, of 1904. For the purposes of the exemption, we are therefore of the opinion that it is wholly immaterial whether the railroad is built and operated by a corporation, a private society, or an individual.

It is true that in the same article of the Constitution (230) the word "railroad" is used to express the idea of an artificial or juridical personage, with a capacity for intelligent action, it being provided that the exemption shall not apply to improvements, etc., "which may be constructed by railroads now in operation," etc.; but the fact remains that the exemption was intended to encourage the building of actual roads, and that the language used applies to actual roads, or parts of roads. Upon the other hand, there can be no doubt that the word is thus used in the sense in which it is commonly understood (i. e., as meaning a highway open to the public, within the meaning of article 272, and the traffic upon which is regulated by the law applicable to common carriers), and that it has no application to a road owned or operated either by a corporation or an individual exclusively for its or his own purposes, or for the carriage of passengers or freight selected by or belonging to the owner or operator.

It may be true that the plaintiff is without authority, under its charter, to maintain and operate such a railroad as is entitled to the exemption in question; but the Civil Code declares that whilst corporations unauthorized by law "enjoy no public character * * * these corporations may acquire and possess estates and have common interests as well as other private societies."

Civ. Code, art. 446. Assuming, therefore, that, for the purposes of the operation of a railroad, no such corporation as the plaintiff exists, there is nevertheless a private society which owns, or there are individuals who own, and operate, a railroad, or part of a railroad, over which the business of a common carrier is conducted, and which had been constructed since the adoption of the Constitution of 1898, and was completed prior to January 1, 1904; and it is to the property, and not to the owners, that the exemption applies. We therefore conclude that there was no error in the judgment heretofore rendered, and it is accordingly reinstated and made the final judgment of the court.

NICHOLLS, J., dissents.