(54 South. 475.)

No. 18,095.

TEXAS & P. RY. CO. v. FLOURNOY, Sheriff, et al.

(Nov. 28, 1910. On Rehearing, Feb. 27, 1911.)

*(Syllabus by Editorial Staff.)*

1. TAXATION (§ 247*) — EXEMPTIONS — RAILROADS.

Const. art. 230, previous to the amendment of Act No. 16 of 1904, exempted from taxation for 10 years from the date of its completion any railroad or part of a railroad constructed and completed prior to January 1, 1904, but did not provide that such exemptions should pass to the purchaser or transferee of the builders. The amendment exempted from taxation for 10 years from the date of its completion any railroad or part of railroad constructed or completed subsequent to January 1, 1905, and prior to January 1, 1909, and provided that such exemptions should pass to the transferees or assignees of the original builders. *Held,* that the branch of a railroad constructed prior to January 1, 1905, was not exempt from taxation in the hands of the transferee of the original builders.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 326–330; Dec. Dig. § 247.*]

2. LEVEES (§ 22*) — AD VALOREM DISTRICT LEVEE TAXES—NATURE.

An ad valorem district levee tax is an ordinary tax and not a local assessment.

[Ed. Note.—For other cases, see Levees, Dec. Dig. § 22.*]

3. LEVEES (§ 25*)—TAXATION—ASSESSMENT— ACTION TO CORRECT—PARTIES.

Where the State Board of Appraisers fixed the mileage of a railroad within a parish, but did not undertake to determine what portion of such mileage was within the limits of a levee district in such parish, leaving the mileage within such district to be ascertained by the parish assessor, and the parish assessor in violation of his instructions from the State Board of Appraisers placed within the limits of the levee district the entire mileage of the railroad, instead of merely the portion really within such limits, an action to correct the assessment so as to make it conform to the instructions of the State Board of Appraisers was properly brought against the officer seeking to enforce payment of the tax and the board of commissioners of the levee district, and it was unnecessary to make the State Board of Appraisers a party.

[Ed. Note.—For other cases, see Levees, Dec. Dig. § 25.*]

4. TAXATION (§ 499*)—ASSESSMENT—ACTION TO CORRECT—TIME TO SUE.

Where a parish assessor did not extend a tax upon the assessment roll until December, a suit to correct the assessment made was not precluded by the statute requiring such a suit to be brought before the 1st of November of the year for which the assessment was made.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 499.*]

5. TAXATION (§ 499*) — ASSESSMENT — ACTION TO CORRECT—NATURE.

In an action for relief against an assessment, though the petition distinctly avers that

the assessment is null for certain reasons, and there is no prayer specifically for reduction of the assessment, it may be considered a suit in reduction of the assessment; the prayer for annulment of the entire assessment including a prayer for annulment of that part of it which is in fact null.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 499.*]

### On Rehearing.
#### (Syllabus by the Court.)

6. TAXATION (§ 247*) — EXEMPTIONS — RAILROADS.

The property of a railroad, constructed within an exemption period, under a law, which did not in any way manifest the intention· of exempting it from taxation in third hands, is not exempt from the payment of taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 326–330; Dec. Dig. § 247.*]

7. DECISION DISTINGUISHED.

The decision in the Metairie Association Case. 37 La. Ann. 33, reviewed and distinguished from the present case.

8. TAXATION (§ 247*)—EXEMPTIONS—NATURE.

Immunity from taxation of property in nature of public improvement is personal unless the contrary is expressed in the law exempting the property.

[Ed. Note.—For· other cases, see Taxation, Cent. Dig. §§ 326–330; Dec. Dig. § 247.*]

9. EXEMPTIONS FROM TAXATION—DECISION APPROVED.

The question involved was considered and decided in Louisiana v. Morgan, 28 La. Ann. 482. The case was taken to the Supreme Court of the United States on a writ of error. The decision of that court was approved.

#### (Additional Syllabus by Editorial Staff.)

10. COSTS (§ 237*)—COSTS ON APPEAL—AMENDMENT OF JUDGMENT.

Where a judgment is amended on defendant's appeal, plaintiff owes the costs of the appeal under Code Prac. art. 908, providing that, if the judgment be reversed in whatever degree, appellee shall pay the costs.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 237.*]

11. TAXATION (§ 611*)—COLLECTION—ACTIONS —ATTORNEY'S FEES.

An attorney representing the tax collector in an action to enjoin collection of taxes is entitled to a fee of 10 per cent. of the amount collected under the express provisions of Act No. 170 of 1898, § 56.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 611.*]

Monroe, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the Texas & Pacific Railway Company against J. P. Flournoy, Sheriff, and others. From the judgment, defendants appeal. Affirmed in part and reversed in part.

J. M. Foster, Dist. Atty., for appellant Flournoy, Sheriff. D. T. Land, for appellant Board of Com'rs of Caddo Levee District. Wise, Randolph & Rendall, Howe, Fenner, Spencer & Cocke, and Esmond Phelps, for appellee.

PROVOSTY, J. The State Board of Appraisers, by which the property of railroads is assessed and appraised for taxation (Act No. 106 of 1898, p. 153; No. 122 of 1900, p. 189), fixed the mileage of the branch lines of the plaintiff railroad company in the parish of Caddo, for the year 1908, as follows:

| | | |
|---|---|---|
| Natchitoches Branch.....32.82 | miles @ $7,200 per mile | |
| Side tracks................ 4.82 | " @ $1,800 " " | |
| Texarkana Branch.......37.91 | " @ $8,000 " " | |
| Side tracks............... 6.28 | " @ $2,000 " " | |

And in transmitting this assessment to the assessor of the parish of Caddo it accompanied it with the following directions:

"Please note carefully
"The evidence submitted to the State Board of Appraisers shows that the railroad assessed above is exempt from regular state, parish and municipal taxes, as well as from every other kind of ordinary taxation.
"You will, therefore, place the assessment on your assessment rolls and charge it only with such 'Special Taxes and Forced Contributions,' other than ordinary taxes, as may be due in the locality through which the road runs."

The assessor obeyed these directions; that is to say, he did not extend on the roll, or charge to the plaintiff company, the 10-mill ad valorem tax imposed by the Caddo levee district for levee purposes.

This assessment was thus made in the latter part of June or early in July. In De-

cember the board of commissioners of the Caddo levee district directed the assessor to extend on the tax roll, or charge plaintiff with, the 10-mill ad valorem tax imposed by the Caddo levee district for levee purposes. The assessor thereupon charged the plaintiff with a 10-mill ad valorem tax upon said entire mileage. The plaintiff company paid its taxes, except this 10-mill levee tax; and, when the tax collector proceeded to advertise its property for sale to satisfy said tax, it brought the present suit against the tax collector and the board of commissioners of the Caddo levee district, enjoining the collection of said tax.

The grounds are: First, that said branch roads were constructed after the adoption of the Constitution of 1898 and prior to January 1, 1904, and are therefore exempt from taxation under article 230 of said Constitution; second, that the mileage of said branch roads within the Caddo levee district is less than as stated in said assessment.

In reply to this, the defendants contend: First, that the said 10-mill tax is not an ordinary tax, but a local contribution, and therefore does not come within the operation of article 236 of the Constitution; second, that, in any event, plaintiff cannot claim exemption on the Texarkana Branch because it was not constructed by plaintiff but by another corporation from which plaintiff purchased it; and that any exemption from taxation which the builders of the road may have enjoyed was personal to them and did not pass to plaintiff.

Disposing of this last contention first, we will say that the question seems to be no longer open that an immunity from taxation such as the builders of said Texarkana Branch enjoyed does not pass to a purchaser, or other transferee, of a railroad, unless the statute granting the exemption has expressly so provided; and that while article

230, as amended by Act No. 16 of 1904, p. 19, does so provide, the same provision was not contained in the original article; and that as the amendment applies only to railroads constructed subsequently to January 1, 1905, and said Texarkana Branch was constructed before said date, it is not exempted. St. Louis & S. F. R. Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. 484, 39 L. Ed. 567; Mercantile Bank v. Tennessee, 161 U. S. 173, 16 Sup. Ct. 461, 40 L. Ed. 657; 12 A. & E. E. 298; Louisiana v. Morgan, 28 La. Ann. 482.

That the said 10-mill tax is an ordinary tax, and not a local assessment, is no longer an open question. La. R. & N. Co. v. Madere, Sheriff, 124 La. 635, 50 South. 609.

Passing to the question of the correctness of the mileage, we find that the Texarkana Branch has but 21.09 miles in the Caddo levee district.

Defendants contend, however, that the assessment as made cannot be reduced in the present suit for three reasons: First, that a suit to reduce an assessment of railroad property can be brought only against the State Board of Appraisers by which such assessment was made; second, that, by express statute, such suit can be brought only before the 1st of November of the year for which the assessment has been made, and the present suit, which enjoins the assessment of 1908, was brought in June, 1909; third, that the reduction of an assessment cannot be decreed in a suit which, like the present one, is distinctly in nullity and not in reduction of the assessment.

The first of these reasons loses sight of the fact that, while the assessment in question as made by the State Board of Appraisers fixed the mileage of plaintiff's road within the parish of Caddo, it did not undertake to determine what portion of said mileage is within the limits of the Caddo levee district; but left the latter mileage to be ascertain-

ed by the parish assessor, its instructions to the parish assessor being:

"You will therefore place the assessment on your assessment rolls and charge it only with such special taxes and forced contributions, other than ordinary taxes, as may be due in the locality through which the road runs."

By placing within the limits of the levee district the entire mileage of the plaintiff road, instead of only that part really within the limits of said district, the parish assessor disobeyed the said instructions of the State Board of Appraisers. Such being the case, the bringing of the State Board of Appraisers into the present suit could only have been to compel it to do something it had already directed the parish assessor to do, and was perfectly willing to do without suit. Under these circumstances, we think the present suit, in so far as it seeks to correct the assessment so as to make it conform with the instructions of the State Board of Appraisers, was properly brought. The officer seeking to enforce the payment of the tax and the board of commissioners of the Caddo levee district, the real party in interest, were the proper persons to implead.

The second of the reasons is equally untenable.

In view of the fact that the act of the parish assessor, in extending this tax upon the assessment roll in the manner complained of, did not take place until some time in December, the suit to rectify that act could not possibly have been brought before the 1st of November.

On the question of whether the suit can be considered to be one in reduction of the assessment, we find that the averment is distinctly made in the petition that the assessment in question is null for two reasons: First, that only a part of the mileage is within the limits of the Caddo levee district; and, second, that the road is exempt from taxation. True, there is no prayer specifically for reduction, but the prayer for the annulment of the entire assessment includes, we think, the prayer for the annulment of that part of it which is in fact null.

The judgment appealed from is therefore affirmed in so far as it rejects plaintiff's suit as to the 21.09 miles of the Texarkana Branch road within the limits of the Caddo levee district, and that it is in all other respects set aside, and it is now ordered, adjudged, and decreed that the injunction herein be reinstated and perpetuated in so far as the tax claimed on the Natchitoches Branch is concerned, and also in so far as said tax on the Texarkana Branch has been assessed upon a greater mileage than 21.09 miles; and that defendants pay the costs of this suit.

## On Rehearing.

BREAUX, C. J. Both plaintiff and defendant filed petitions for a rehearing.

The plaintiff on the ground that the exemption claimed by it was real and bore upon the property and not a personal right; that the exemption followed the property after its transfer into third hands and existed in favor of the purchaser as it existed before the transfer.

The defendants, on the other hand, asked for a rehearing on the ground that the court, in error, condemned them to pay costs, and because the court, also in error, failed to condemn the plaintiff to pay them the statutory 10 per cent. attorney's fee.

We take up in the first place plaintiff's application for a rehearing.

Part of the road was decreed exempt; another part, known as the Texarkana Branch, was decreed nonexempt to an extent of 21.09 miles.

As to this distance, exemption did not inure to plaintiff when it bought it from

the Texas, Shreveport & Natchez Railroad, the original builder.

We can only reiterate that it has not passed free from taxation.

The right of exemption to the original builder was acquired under article 230 of the Constitution; the road was constructed while that article was in force and not amended, as it was afterward amended.

This article was amended after the road had been constructed so as to exempt, in third hands, roads constructed after January 1, 1905, and prior to January 1, 1909.

The present road had been constructed prior to the first date mentioned above.

The exemption clause, mentioned above, passed subsequently, could not affect it in any way.

The silence of the old law upon the subject and the addition of the exempting clause by subsequent amendment has the appearance of an intention on the part of the lawmaking power to extend the exemption to third hands. It follows that this could be done from the date of the amendment extending exemption after the sale, or, rather, that prior to the time the railroads had not been exempt into third hands, and that it was from the date of the amendment the intention of the lawmaking power to exempt them is manifest. If that was not the purpose, there was no purpose at all. It would have been useless and meaningless legislation, amounting to nothing, a mere loss of time, all of which we will not assume.

Taking up for consideration the leading decision, cited with confidence by the learned counsel for defendant in argument on rehearing, to wit, Metairie Association Case, 37 La. Ann. 33, we do not find it as pertinent as counsel thinks it is.

The facts in that case are that the owners of a tract of land in this city organized themselves into a corporation, "for the maintenance of a cemetery," is the expression used.

There may have been an exemption law at the time; that is of no moment here.

Subsequently, there were other exemption laws adopted.

The Constitution of 1879 (article 207) contained provision for exempting places of burial with the restriction that "they were not to be used for purposes of private or corporate income," are the words used.

It was a question at the time, as this corporation derived some revenue, whether or not it was organized for profit and income. A majority of the court decided that the corporation was not deriving profit and income by the sale of these lots.

That was the only question decided.

The court expressly stated that there was no profit or income from these sales.

There was no question before the court about the sale of the property to third persons or anything of the kind. In fact, the property was still in the hands of those who had organized the corporation and not in third hands.

It is true that there are expressions in the opinion in regard to third hands; they related to property disposed of as before mentioned. It was not the purpose in the cited decision supra to pass upon questions such as the one before us, relating to the sale of the whole property and its premises into third hands.

The case of Wilson v. Gaines, 103 U. S. 421, 26 L. Ed. 401, is pertinent.

The court held in a similar case that the property was not exempt from taxation in third hands; that immunity from taxation is personal and not transferable. It does not attach to nor run with the property after it passes from the original owner, in whose favor it was granted, unless there is some

expression in the law which shows the intention to exempt it in third hands.

The decision is quite conclusive. It leaves room for no other view than that before expressed. It is quite convincing because it affirms a decision of our own court by the United States Supreme Court. Louisiana v. Morgan, 28 La. Ann. 482, affirmed on a writ of error in 93 U. S. 217, 23 L. Ed. 860.

That disposes of plaintiff's application for a rehearing.

The defendants, on the other hand, in their application for a rehearing, ask to have the judgment amended to the extent that it condemned defendants to pay costs.

The judgment of the lower court was amended on appeal on defendants' plea that the Texarkana Branch owed the tax.

The district court had declared it exempt; but, on appeal, it was decided that it was not, and thereby a change was effected.

As the judgment was amended, the plaintiff owes the costs of the appeal. Tulane University of Louisiana v. Board of Assessors, 115 La. 1025, 40 South. 445; Code Prac. art. 908.

As to the second ground pressed by defendants, in regard to attorney's fee: No doubt but that 10 per cent. attorney's fee is due Section 56, Act No. 170 of 1898; Tulane University of Louisiana v. Board of Assessors, 115 La. 1025, 40 South. 445; Methodist Episcopal Church, South, v. City of New Orleans, 107 La. 611, 32 South. 101, and State ex rel. Stempel v. New Orleans, 105 La. 768, 30 South. 97.

It is therefore ordered, adjudged, and decreed that the order granting the rehearing be, and the same is hereby, recalled. The judgment heretofore rendered is amended by condemning plaintiff to pay the costs of appeal and by condemning the plaintiff in addition to pay 10 per cent. on the amount of taxes and penalty.

As amended, the reinstated judgment is affirmed.

MONROE, J., dissents.