(63 South. 262.)

No. 19,953.

ROCK ISLAND, A. & L. R. CO. v. STATE BOARD OF APPRAISERS OF LOUISIANA.

(June 30, 1913. Rehearing Denied Oct. 20, 1913.)

*(Syllabus by the Court.)*

1. TAXATION (§ 247*) — EXEMPTION — RAILROADS.

While a railroad cannot by a sale transfer to another corporation the exemption acquired by it under article 230 of the Constitution, still it may consolidate with other railroads, and such consolidation will not have the effect of destroying its rights of exemption, for Act No. 39 of 1877 specially provides that all rights of exemption shall be retained under such circumstances.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 326–330; Dec. Dig. § 247.*]

2. TAXATION (§ 197*) — EXEMPTION — RAILROADS—CONSTITUTION.

There is nothing in the Constitution of 1898 that repeals, either directly or by implication, Act No. 39 of 1877. The Constitution

133 LA.—22

merely stated under what conditions an exemption was to be acquired, while the act provided under what conditions the exemption once acquired was to be retained, and therefore there is nothing that is irreconcilable in the provision of the article of the Constitution and the act of the Legislature, as effect can be given to both at the same time.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 315, 316; Dec. Dig. § 197.*]

3. TAXATION (§ 144*)—PROPERTY SUBJECT TO ASSESSMENT—RAILROADS—EXEMPTION.

Where the assessment rolls are closed prior to the date at which a railroad, claiming exemption under article 230 of the Constitution, is completed, the taxes are not assessable in that year, but are assessable only on the next assessment roll.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 250, 251, 258½, 259; Dec. Dig. § 144.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the Rock Island, Arkansas & Louisiana Railroad Company against the State Board of Appraisers of Louisiana. From the judgment, plaintiff appeals. Modified, affirmed in part, and reversed in part.

Barksdale & Barksdale, of Ruston, and Thomas S. Buzbee, of Little Rock, Ark., for appellant. R. G. Pleasant, Atty. Gen., and Harry Gamble, Asst. Atty. Gen., for appellee.

BREAUX, C. J. Plaintiff claims exemption from taxation under article 230 of the Constitution and under Act No. 39 of 1877, and asks for judgment canceling the assessment for back taxes for the year 1909 in the parish of Union and canceling the back taxes for the years 1909 and 1910 in the parish of Jackson. And, in the alternative, petitioner asks that the assessments for these years be reduced as excessive.

The stockholders of plaintiff corporation, we are informed, organized under both the laws of Louisiana and of Arkansas; that is, one of the companies (the Arkansas-Southern) organized under the laws of Louisi-

ana and the other constituent companies under the laws of Arkansas. These three companies consolidated and merged their holdings under the laws of Louisiana on the 31st day of October, 1905.

Plaintiff claims to have succeeded to· all rights and privileges and immunities of the respective companies.

The State Board of Appraisers (defendant) admit that the three railroads, referred to above as constituents of the Rock Island, Arkansas & Louisiana Railroad, were organized into the last-named company; that the Arkansas-Southern Railroad Company, before the merger, had acquired the exemption from taxation because it had completed its line of road in time to acquire the right. It has been merged, as before stated, and its property and all its assets have passed to the Rock Island, Arkansas & Louisiana Company.

Each of the constituent companies adopted resolutions of consolidation into the new company, to wit, the Rock Island, Arkansas & Louisiana Company.

The immunity claimed is exclusively that which had been acquired by the Arkansas & Louisiana Railroad anterior to the consolidation.

The Arkansas-Southern Railroad Company completed its line in Union parish about the 15th day of July, 1899; it was assessed for the taxes of 1909, as alleged by plaintiff.

Defendant denies that after consolidation into the Rock Island, Arkansas & Louisiana Railroad Company, the constituent companies retained exemption, it denies that the mileage was constructed within time stated, and it avers that its assessment is legal and constitutional.

Subsequently, for the trial of the cause, plaintiff and defendant admitted that the Arkansas Railroad Company was completed in Union parish on the 15th of July, 1899; that, as to Jackson parish, on January 1, 1901, between 11 and 12 miles of track of the Arkansas & Louisiana Railroad Company had been laid. It was laid to the town of Jonesboro (the parish seat of Jackson) on January 20, 1901. It was further admitted that the track was extended to the southern boundary of the parish of Jackson about the 31st of March, 1901, and that freight and passenger service had been established through Jackson parish by April 20, 1901.

It was proven that $9,000 a mile was the assessed value placed on said railroad for the year 1912, for main track and side track at the rate of $2,500 a mile, and that was the assessment for 1909, 1910, and 1911. The taxes for 1912 are not in dispute.

It is not denied that during the years 1909, 1910, and 1911 plaintiff added improvements to its line.

The evidence is that for the years 1909, 1910, and 1911 the line of plaintiff's railroad in Jackson and Union parishes was appraised and assessed with the entire line of plaintiff's road; that it was assessed with the other property.

Stating the issues for decision, the first is whether the property is entirely exempt from taxation; the other question is whether the time from which to make the assessment is the first of the year succeeding the date the line was laid.

[1] Taking up the first proposition, the right of exemption from taxation vel non:

If this were a sale we would not hesitate in deciding it; it would only become necessary to adopt the precedents laid down in the Texas & Pacific Railroad Co. v. Flournoy decision, 128 La. 71, 54 South. 475, in which we decided that the exemption acquired under article 230 of the Constitution is personal and not transferable by sale. Remember that decision relates to a sale exclusively.

In the present case the transfer was not by sale. The railroads were consolidated and merged, different from a sale in a number of particulars.

Upon this point, cited by learned counsel for defendant, we quote:

"Where two railroad companies are consolidated, the presumption is that all of the united lines of road will be respectively held with the privileges and burdens originally attaching thereto, unless the contrary is expressed."

One of the most noticeable differences between the two (a sale and a consolidation) can be made clear by the following:

The state of Louisiana orders, by the plain terms of the statute, Act 39 of 1877, that the new consolidated company shall have the "privileges" and "immunity" which it permitted the constituent company to acquire. It is the direct act of the state through its lawmaking power.

In case of a sale the state would not assume the right to adopt the provision mentioned. It would not directly, as in this instance, direct that the transferree shall have privilege, immunity, and other rights. It would be subject to agreement. As to consolidation, the transfer is statutory.

[2] The act cited, 39 of 1877, it is contended by defendant, has lost all effect. This must be on the hypothesis that the act has been repealed either directly or by implication. The repeal is not direct; it does not occur to us that there is a repeal by implication.

The law was in force when the Constitution of 1898 was adopted; it provides that the corporation formed by consolidation "shall have powers and exercise all rights," powers, privileges, and immunities and franchises, and shall be subject to all the duties and obligations conferred, as imposed by law upon companies consolidated.

The article of the Constitution, 230, only grants the exemption. It is silent in every other respect; not a word gives rise to the thought of repeal by implication. The two, the act in question and the Constitution, might be placed in juxtaposition without giving rise to the least idea of repeal by implication. But the contention of defendant is that the exemption was acquired under article 230, and that the cited act cannot be considered in the light of adding anything to the force and effect of the article of the Constitution. The cited act is an existing law, and cannot be ignored. It expressly provides that the exemption shall pass when companies consolidate. It is direct, positive, and in the nature of an order, to which we cannot do less than give effect.

The state extended, under the cited article of the Constitution, the immunity from the payment of taxes. It did not have the effect of modifying anterior rights, given in cases of consolidation.

Before leaving this branch of our subject, we note that defendant cites one of the decisions of this court as holding that the privilege did not follow the transfer.

State of Louisiana v. Morgan, 28 La. Ann. 482. That was the case of a sale, not a consolidation, of companies; at the time the decision was rendered, Act No. 39 of 1877 had not been adopted.

We will conclude upon this branch with the statement that Succession of Hutchinson, 112 La. 656, 36 South. 639, and 10 Cyc. 303, 304, 305, are relevant and sustain our views.

[3] *In the Alternative.* The question at this point is, When was the property legally assessable? If the railroad is completed as required before the assessment is closed for the year, it may be assessed, prior to or at the time that the rolls for the year are closed. Citizens' Bank & Trust Co. v. Board of Assessors, 129 La. 1091, 57 South. 528, 38 L. R. A. (N. S.) 1157.

The case was tried on the theory, as relates to the parish of Union, that the assessment was closed at the date in July that defendant's road was completed in that parish. The fact is not controverted—the 10 years of exemption—1911 was not one of the 10 years.

The exemption in the parish of Union in-

cluded the year 1909. It, therefore, cannot be assessed.

As to Jackson, the exemption includes 1909 and 1910 in that parish. It was at an end in 1910, and therefore 1911 is subject to taxation.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is amended by striking therefrom all that part decreeing that the exemption of the constituent company does not follow it into the consolidated company. It is further ordered, adjudged, and decreed that the consolidated company (plaintiff) owns the privilege and immunity of the constituent company for and during the exempted period.

It is further ordered, adjudged, and decreed that that part of the decree ordering that assessment be made and back taxes be levied in the parish of Union for the year 1909 be stricken therefrom; also that part decreeing that taxes be levied in the parish of Jackson for the years 1909 and 1910; i. e., Jackson owes the back taxes for 1911 only.

It is ordered, adjudged, and decreed that the decree ordering an assessment and levy of taxes in and for Jackson parish is affirmed to the extent only that it relates (exclusively) to the taxes of 1911. In every other respect the judgment appealed from is annulled, avoided, and reversed. Appellee to pay costs.