Statement of the Case.
BREAUX, C. J.
The plaintiff complains of a judgment rendered against it in a suit brought against defendant to cancel the assessment upon its property.
The Louisiana & Arkansas Railroad Company and the Arkansas-Louisiana & Southern Railway Company were consolidated into one under the name of the Louisiana & Arkansas Railroad Company.
Plaintiff through learned counsel states that one section of its road measures 17.35 miles from Cotton Valley to Minden in Webster parish; 16.92 miles from Ashland to the Saline Bayou in Natchitoches parish; 8 miles of road from Minden to one mile beyond Malcolm in Webster parish.
*72 The first tract above mentioned was built by the Arkansas-Louisiana & Southern Railway Company after the adoption of the Constitution of 1898 and was completed in 1899.
Plaintiff’s claim is that it was entitled to exemption from taxation for the years from 1899 to and including 1908.
It appears that the Arkansas-Louisiana & Southern was organized October 23, 1897, and the Louisiana & Arkansas Railroad Company March 18, 1898, and these two were consolidated June 14, 1900.
Plaintiff road was organized June 2, 1902.
The Louisiana & Arkansas Railroad and the Louisiana & Arkansas Railway Company were consolidated August 19, 1902.
In all the changes made, there were no sales but consolidations.' The assessment for 1908 is the assessment of which plaintiff particularly complains as to part of the track. Plaintiff’s contention is that the 16.92 miles of road were not completed until April 1, 1902, while defendant’s contention is that a portion of it was completed in 1900 and 1901 and that sufch portion is subject to the taxes of 1911 and 1912.
The question as. to taxes of 1908 is considered later.
Plaintiff states as to this particular road of 16.92 miles that a dump was built and steels laid during 1901 by the Stamp Construction Company. It is stated by plaintiff that this is a separate corporation doing construction work under a contract to construct and deliver the road to plaintiff company, and plaintiff states that this road was. used for freight and passengers the first time April 1, 1902; while the dump had been built and steel laid on this section December 31, 1901, the surfacing was not completed until April 1, 1902. That 50 per cent, of the surfacing was done prior to December 1, 1902, and 50 per cent, between that date' and April 1, 1902, and that in reality the road was not completed and subject to assessment before April 1, 1902.
The defendant,' on the other hand, claims that as soon as any part of the section had been built, equipped, and ties and steel laid and surfaced, there was a completion pro tanto.
Another section of 17.35 miles from Ash-land through Goldana also gives rise to the question for decision. We are to determine whether or not it was proper to assess this road for the years 1911 and 1912. This will suffice for the-purpose of the decision.
Opinion.
[1] In the first place, defendant’s contention is that the Minden Company East and West is not exempt, for it was only a log road, and that it never acquired exemption, and therefore transferred no exemption to plaintiff; that it was absorbed by plaintiff in 1909 and lost all identity.
We have arrived at the conclusion that it was as alleged by defendant a log road; it surely did not carry passengers. Moreover, it was an entirely private enterprise as long as it was in the name of the Minden East & West Railroad Company, and before it was absorbed by purchase by the plaintiff company.
Article 272 of the Constitution defines highways, and does not include in its definition a mere private log train or tramway. We add tramway, because one would be as much entitled to exemption as the other; if the Minden road be exempt, it is not. The purpose of the exemption law was to encourage enterprises of some importance, and not .tramways. Such a tramway as the one here is not exempt.
[2] We take up the second issue of the case as numbered by defendant. It relates to the state board’s action in assessing plaintiff’s road for the back taxes of 1908 and re *74 lates to the stretch of 17.35 miles between Cotton Valley and Minden. The Arkansas-Louisiana & Southern Railway Company lost its exemption at the time that it was consolidated with plaintiff is the contention of the board of appraisers — the plaintiff. We take it that the state is not entitled to the taxes for the year 1908 on this section; the objection is principally (as-to 1908) that the road lost all exemption and was without right in the consolidation to transfer exemption from taxation. We think plaintiff still retained the right. That ground was considered in the decision of the Rock Island v. State Board of Appraisers (No. 19,953) 63 South. 262.[1] The decision, although criticised by learned counsel for the state, will have to remain as it is for the present at least and until additional light is brought to bear upon the subject which would render it evident that it should be overruled. The objection on the part of the state to the construction placed by this decision upon the constitutional amendment of 1904, No. 16 of the Acts of that year, is not sufficiently convincing to justify the overruling of the decision. The view expressed on the part of the state is that the last paragraph of the amendment of 1904 is ungrammatical. It reads, where “same remains the property of the present owner or owners or be transferred or assigned.” The contention is that the word “same” of this paragraph refers to property to the extent stated by the defense. The reconstruction of the sentence as suggested by the defendants adds to the clearness of the paragraph, but does not materially change the meaning. The confusion suggested is that when considered word for word it should be made to read “where the same property remained the property.” That would defeat the purpose which prompted the adoption of the paragraph. Effect will not be given to the niceties of grammar for which defendant contends. The purpose of the paragraph was to exempt property where it remained in the present owner or was transferred or assigned. The word “same” cannot be construed so as to be fatal to all exemption. It must remain and be construed as it is.
[3-4] The third issue in the order presented by the defendant relates to the 16.92 miles from Ashland through Goldana to the Natchitoches line, assessed for the taxes of 1911 and 1912. Exemption is claimed for this property on the ground that the Louisiána and Southern road was completed after the Constitution of 1898' was adopted and during the year 1899, and that in consequence the year 1908 was within the ten years’ exemption period.
The difference between plaintiff and defendant here in regard to this road is that plaintiff contends that this section was completed when the surfacing which was necessary for its operation had been done and when the section was delivered by the construction company, accepted by the plaintiff’s engineer, and put into operation, and that all of this occurred April 1, 1902, and not before; while, on the other hand, defendant’s contention is that as soon as any part of the section has been built, equipped with ties and steels, and surfaced, there was a completion pro tanto. To decide this last point both of the parties to this suit resorted to the definition of words. Plaintiff quotes Words and Phrases, verbo “complete,” p. 1366, to prove that the completion dates from the time that a railroad is reasonably safe, fit, and convenient for the public use and accommodation. The second paragraph of the quotation reads that a road will beheld to be completed if it was in operation on that day in such a manner as it might be-regularly used for the purpose of transporting freight and passengers.
The defendant, on the other hand, reproduces another definition from the same book. *76 in which it is stated that a railroad is completed or constructed when that has been done which is necessary to make it a railroad, where it is fitted for use as a railroad, that is to say, when it is made ready and put in proper condition for the placing and running of trains upon it; for its operation, as it is usually termed.
In its natural and ordinary sense the word “completed” does not include the mere equipment of the road with rolling stock. De Graff v. Railroad Co., 23 Minn. 144-146.
It appears that one half of the road was in operation. As to the other half, the insistence on the part of the state is that the existence of a well-founded doubt is equivalent to a denial of a claim for exemption from taxation, and that the road was sufficiently completed to be taxed. We do not agree with that view. Townsend v. Vanderwerker, 160 U. S. 174, 16 Sup. Ct. 258, 40 L. Ed. 383.
As to the other point urged, undoubtedly it is well settled that tax exemption is subject to strict construction; but it does not justify our holding that the road had been completed when it had not been completed at the date before mentioned (that is, as to half). We therefore hold that one-half the property is subject to taxation, as this one-half was completed in the year 1901, and it follows that it is not within the exemption period of ten years.
We will here state that in the decisions, in which these questions were heretofore considered, the Flournoy Case, in 128 La. 71, 54 South. 475, and the Rock Island R. R. Case, before cited, the property had been sold previous to the adoption of the amendment exempting railroads in 1904, while in the other decision, interpreting the Act No. 39, of 1877, the transfer was by consolidation and subject to a different construction, as will readily be seen by referring to the act.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the district court be amended as follows: That there be judgment in favor of defendant, the state board of appraisers, and against the plaintiff, the Louisiana & Arkansas Railway Company, in the case of the Minden East & West Company, and in the case of one-half of the 16.32 miles section heretofore mentioned. As to the former, the eight miles between Minden and Shreveport, the plaintiff has no exemption, for the reason before expressed. At the transfer of the mileage to plaintiff this Minden road had no exemption to transfer; and as to the latter one-half of the railroad is subject to taxation for one year, but not prior.
It is further ordered, adjudged, and decreed that the exemption acquired by the construction of the mileage stated was not lost by the .consolidation, except 50 per cent, as before stated, because the work as to this 50 per cent, was done prior to the time necessary to bring it (the 50 per cent.) within the exemption for one year. For that year, it will have to be assessed as herein before stated. In accordance with pjayer of plaintiff’s petition to the extent before mentioned exempting property heretofore assessed, the assessment will be canceled and all other formalities complied with to carry out the exemption.
Except as before indicated to the contrary, the judgment of the district court is affirmed, that is, plaintiff’s demand is rejected and no further exemption is decreed, and, as to all property not decreed exempt, the judgment appealed from is affirmed. Appellee to pay costs.
PROVOSTY, J., takes no part, not having heard the argument.

 133 La. 673.