O’NIELL, J.
Claiming that its six miles of main track and quarter of a mile of side track was exempt from taxation, the plaintiff enjoined the sheriff and ex officio tax collector, the assessor, and the parish board of school directors, from collecting taxes thereon. The exemption is claimed under a constitutional amendment adopted in 1904, exempting from taxation for a period of ten years aDy railroad or part of railroad constructed and completed subsequent to January 1, 1905, and prior to January 1, 1909. The construction of this railroad was begun in the summer of 1905 and completed in 1906.
In 1913, the assessor, believing that this was not a permanent railroad, but was only' a temporary logging road or plant facility for the Porter-Wadley Lumber Company, assessed the property for the taxes of that year and of the last preceding three years. Before resorting to the injunction, the plaintiff tendered payment of the taxes assessed against its other property, which the tax collector declined to receive.
Judgment was rendered in the district court as follows: The writ of injunction was dissolved in so far as it had prevented the collection of the taxes on the 6% miles of railroad track, and was sustained as to the other taxes, of which the plaintiff had tendered payment. The tax -collector was ordered to accept the amount tendered in payment of the taxes not in dispute, and to collect the taxes assessed against the 6% miles of track for the years 1910, 1911, Í912, 1913, and 1914, with a penalty of 2 per cent, per month from the dates of delinquency prior to August 1, 1912, to that date, and 10 per cent, per annum from the dates of delinquency thereafter until paid. And, in addition to these penalties, the plaintiff was condemned to pay 10 per cent, on the total amount of the taxes on the 6% miles of track, as the attorney’s fee for defending this suit and dissolving the writ of injunction. The plaintiff has appealed.
[1] We concur in the conclusion of the district judge that the Dorcheat Valley Railroad is not a common carrier and was not intended by its organizers to be an independent and permanent railroad. It was intended to be 'and was in fact only a temporary logging road for the Porter-Wadley Lumber Company. It was admitted by the principal stockholder, acting, president, of both companies, that it was not intended that the railroad should be built beyond the timber lands of the lumber company; that all the timber would be cut out before or soon after the end of the year 1914; and that the railroad track would then probably be taken up and disposed of.
The fact that this railroad was constructed mainly because of the tonnage to be furnished from the operations of the lumber company and is owned principally by the stockholders of the lumber company would not in itself deprive the road of the constitutional exemption from taxation. See Amos-Kent Lumber & Brick Co. v. Tax Assessor, 114 La. 862, 38 South. 587. Nor is the fact that the railroad carried only freight and had no passenger equipment enough to deprive it of the *523 character of a railroad, within the meaning of the constitutional amendment. See Vicksburg, A. & S. Ry. Co. v. Louisiana & Arkansas R. Co., 136 La. 691, 67 South. 553. We rest this decision on the fact that the Dorcheat Valley Railroad is not, and was not intended to be, a permanent railroad. It was built to serve only a few years — only to haul the timber belonging to its owners to their mill. It was never a common carrier, it has served the private purposes for which it was constructed, and we assume from the evidence that it has ceased operations since this suit was tried. It was decided in the case of Louisiana & Arkansas Ry. Co. v. State Board of Appraisers, 135 La. 69, 64 South. 985, that this exemption from taxation was intended to encourage enterprises of some public importance, and was not intended to apply to a private logging road.
[2] The judgment denying the plaintiff the exemption from taxation is correct. But the penalties which the appellant was condemned to pay are excessive.
Act No. 171 of 1912, approved July 11th of that year, amending section 40 of Act No. 170 of 1898, provides that all taxes shall be collected in the calendar year in which the assessment is made, and shall be due as soon as the tax roll is filed in the office where the mortgage records are kept; that the taxes shall be paid before the end of the year to avoid notice, advertisement, and sale; and that all taxes unpaid on the 31st of December shall bear interest at the rate of 10 per cent, per annum from that date. By this amending statute, the rate of interest on delinquent taxes was reduced from 2 per cent, per month to 10 per cent, per annum. But there was no change in the law as to when taxes are due and when the tax debtor becomes delinquent. The tax is not due until the tax roll is filed in the office where the mortgage records are kept, and the tax debt- or is not delinquent until the end of the year in which' the tax roll is filed. Hence the penalty of having to pay interest at 10 per cent, per annum is to be calculated from the end of the year in which the tax roll is filed. The tax roll containing the assessment complained of in this case was filed in 1913, and the interest should be computed from the 31st qf December of that year.
There would be no error in the judgment condemning the plaintiff to pay the attorney’s fee of 10 per cent, on the amount of the taxes and interest, the collection of which was enjoined, if the attorney representing the tax collector had demanded it. Section 56 of the Act No. 170 of 1S9S provides that the attorney at law who represents the tax collector in proceedings for the reduction of assessments and collection of taxes (except license taxes) and in injunction suits seeking to restrain the collection of taxes shall receive 10 per cent, on the amount of taxes and penalties collected as the result of such proceedings; and that this compensation is to be paid by the tax debtor against whom the judgment is rendered in whole or in part and is to be collected by the tax collector as costs at the same time the taxes and other penalties are collected. See State ex rel. Stempel v. City of New Orleans, 105 La. 768, 30 South. 97; Globe Lumber Co. v. Clement, Assessor, 110 La. 438, 34 South. 595; Howcott v. Smart, Tax Collector, 125 La. 50, 51 South. 64; Texas & Pacific Ry. Co. v. Flournoy, Tax Collector, 128 La. 71, 54 South. 475. The district attorney, representing the tax collector in this suit, only prayed for $250 attorney’s fee for dissolving the writ of injunction and for 5 per cent, on the amount decreed to be due by the tax debtor. Therefore the 10 per cent, allowed in the judgment for the tax collector’s attorney’s fee must not exceed the amount prayed for in the defendant’s answer; that is, $250 plus 5 per cent.
The judgment appealed from is amended by rejecting all interest except 10 per cent, per annum from the 31st of December, 1913, *525 and by limiting the 10 per cent, allowed for the defendant’s attorney’s fee so that it shall not exceed $250 plus 5 per cent, on the amount of taxes and interest which the plaintiff: is condemned to pay; and, as thus amended, the judgment is affirmed. The appellees are to pay the costs of the appeal.
MONROE, C. J., takes no part, not having heard the argument.